**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **ANDREW TYLER FOSTER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>vs.<br><br>**L-3 COMMUNICATIONS EOTECH, INC., et al.**<br><br>Defendants**.** | Case No. 6:15-CV-03519-BCW |

# PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, through counsel respectfully moves this court to certify this case as a class action and to appoint Plaintiff's counsel as class counsel. In support of this motion, Plaintiff states:

1. Plaintiff seeks to bring this action on his own behalf and on behalf of a national class and Missouri class of persons described as follows:

    **Class I Nationwide Class**: All persons who bought a class optical sight in the United States, Puerto Rico, or outlying territories.

    **Class II Missouri Class**: All persons who bought a class optical sight in the State of Missouri for personal, family, or household purposes.

    Excluded from the proposed class is Defendants; any affiliate, parent, or subsidiary of Defendants; any entity in which Defendants have a controlling interest; any officer, director, or employee of Defendants; any successor or assign of Defendants; and any judge to whom this case is assigned and any member of his or her immediate family.

2. The term "class optical sight" includes every single holographic weapons sight manufactured and sold by Defendants from August 23, 2006 to present.

3. The proposed class is so numerous that joinder of all members is impracticable. Although there has not yet been any discovery in this matter, nor have Defendants filed an answer,

upon information and belief, Plaintiff believes there are thousands of members of the two classes. As of the date of this filing, Plaintiff's counsel has been contacted by over one hundred twenty-two (122) potential class members, including putative class members of the nationwide class.

4. Plaintiff is a member of the class he seeks to represent and his claims are typical of the claims of the classes.

5. Plaintiff's claims are typical of the claims of the respective classes he seeks to represent, in that Plaintiff and all members of the proposed classes were victims of Defendants' failure to disclose material defects in class optical sights. Plaintiff and all putative class members purchased class optical sights with the same Thermal Drift Defect, Cold Weather Distortion Defect, and parallax defect.

6. Plaintiff will fairly and adequately represent and protect the interests of the members of the classes he represents.

7. The representative Plaintiff has retained counsel competent and experienced to represent him and the members of the two proposed classes.

8. Counsel has been appointed national class counsel in multiple class actions and, without exception, all previous cases on which counsel has been appointed as class counsel have resulted in judgments and/or settlements favorable to class members.

9. There are questions of fact and law common to the classes, including, but not limited to:
    a. Whether Defendants' class optical sights were materially defective when sold;
    b. Whether Defendants concealed the material defects in the class optical sights;
    c. Whether Defendants had a duty to disclose the material defects in the class optical sights;
    d. Whether Defendants' marketing of the class optical sights was likely to deceive or

mislead consumers;

e. Whether the existence of the material defects and their consequences to performance of the class optical sights would be considered material by an objectively reasonable consumer;

f. Whether Defendants' conduct violates any applicable warranties;

g. Whether Plaintiffs and class members were injured as a direct result of Defendants' conduct;

h. Whether the parties and class members are entitled to rescission of contract based upon mistake of fact;

i. Whether Defendants violated the Missouri Merchandising Practices Act;

j. Whether Defendants engaged in fraud; and

k. Whether equitable tolling applies to the statutes of limitation.

10. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members establishing incompatible standards of conduct for the Defendants.

11. The questions of law and fact set forth above are common to the classes and predominate over any questions affecting only individual class members.

12. This class action is superior to other available remedies for the fair and efficient adjudication of this controversy because the damages suffered by individual class members may be relatively small; thus few, if any, individual class members will be able to afford to seek legal redress individually.

13. Plaintiffs incorporate by reference their Suggestions in Support of Plaintiffs' Motion for Class Certification, which is filed contemporaneously with this motion.

**WHEREFORE**, Plaintiff prays this Court enter its order certifying the classes as requested above and granting Plaintiff such other relief as the Court deems just and proper.

        **DOUGLAS, HAUN & HEIDEMANN, P.C.**
        111 West Broadway, P.O. Box 117
        Bolivar, Missouri 65613
        Telephone: (417) 326-5261
        Facsimile: (417) 326-2845
        craig@dhhlawfirm.com
        nathan@dhhlawfirm.com
        jenniferf@dhhlawfirm.com

        By  */s/ Jennifer N. Fields*
            Craig R. Heidemann
            Missouri Bar No. 42778
            Nathan A. Duncan
            Missouri Bar No. 60186
            Jennifer N. Fields
            Missouri Bar No. 65899
            Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a complete copy of the foregoing instrument was served to Defendant L-3 Communications EOTech, Inc., 1201 E. Ellsworth Road, Ann Arbor, MI 48108, and Defendant L-3 Communications Corporation, 600 Third Avenue, New York, NY 10016, by enclosing same in an envelope addressed to the Defendants as shown above, with first class postage fully prepaid and by depositing said envelope in a US Post Office mailbox in Bolivar, Missouri on December 16, 2015.

        **DOUGLAS, HAUN & HEIDEMANN, P.C.**

        By  */s/Jennifer N. Fields*

**DHH File No. 22839-010**