```
 1              IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF MISSOURI
 2                      WESTERN DIVISION

 3   ANDREW FOSTER,                 )
                                    )
 4           Plaintiff,             ) No.  6:15-CV-3519-BCW
                                    )      January 26, 2016
 5           v.                     )      Kansas City, Missouri
                                    )      CIVIL
 6   L-3 COMMUNICATIONS EOTECH,INC,)
                                    )
 7           Defendant.             )

 8


 9            TELEPHONE CONFERENCE TRANSCRIPT
           BEFORE THE HONORABLE BRIAN C. WIMES
10              UNITED STATES DISTRICT JUDGE

11    Proceedings recorded by electronic voice writing
              Transcript produced by computer
12

13                    APPEARANCES

14   For Plaintiff:      MR. CRAIG HEIDEMANN
                         MR. NATHAN DUNCAN
15                       Douglas, Haun & Heidemann – Bolivar
                         11 West Broadway
16                       Bolivar, Missouri 65613-0117

17


18   For Defendant:      MR. ANDREW LANGAN
                         MR. KRISTOPHER S RITTER
19                       Kirkland & Ellis
                         300 N. N. LaSalle Street
20                       Chicago, Illinois  60654

21                       MR. JOSEPH REBEIN
                         Shook, Hardy, & Bacon LLP-KCMO
22                       2555 Grand Boulevard
                         Kansas City, Missouri  64108

23


24

25         Denise Catherine Halasey CVR, CCR #1257
        US Court Reporter for The Honorable Brian C. Wimes
                                1
```

```
                        January 26, 2016
         THE COURT:  Good morning, counsel.
         MR. DUNCAN:  Good morning, Judge.
         MR. HEIDEMANN:  Good morning, Your Honor.
         THE COURT:  I understand I have Mr. Duncan, Mr.
Heidemann, Mr. Langan -- is it Langan?
         MR. LANGAN:  Langan, Your Honor.
         THE COURT:  Okay.  Mr. Ritter, and is it Rebein?
         MR. REBEIN:  Judge, it is Rebein.  Good morning.
         THE COURT:  Rebein.  Okay.  Good morning, all.
         I got everyone on the phone because I wanted to
discuss there is a motion for certification and a motion to
deny or stay class certification.  I want to chat.
         Typically, I would probably do this in my first
meeting with you all or my pretrial or what I call case
management of this case.  But I thought it was important to
get you all on the phone now.
         And who is going to talk on behalf of the plaintiff?
         MR. HEIDEMANN:  Judge, this is Craig Heidemann, and
I probably will.
         THE COURT:  All right.  Mr. Heidemann, why is this
not premature?
         MR. HEIDEMANN:  Judge, this case is a little bit
unique in that the factual basis for class certification we
believe is largely established by admissions that the
```

2

Denise C. Halasey, CCR, CVR
Certified Court Reporter

Case 6:15-cv-03519-BCW   Document 43   Filed 02/23/16   Page 2 of 10

1  defendant has made in a federal litigation in Manhattan.  And
2  for that reason we believe that, basically, the only issue
3  remaining for class certification is just the precise number
4  of affected units that are in commerce.
5         THE COURT:  Well, so even though your first
6  complaint, then your amended complaint -- so the class cert
7  not withstanding the additional information or counts
8  contained.  And I haven't had a chance to look -- you still
9  say -- I thought your original motion for class certification
10 related to the first complaint, correct?
11        MR. HEIDEMANN:  Correct.
12        THE COURT:  So it doesn't matter that you filed this
13 amended; is that what you are suggesting?
14        MR. HEIDEMANN:  Well, as to the issues that were
15 raised in the first complaint for the Foster, plaintiff, we
16 think those issues are ready to move forward.
17        THE COURT:  Well --
18        MR. HEIDEMANN:  -- we had --
19        THE COURT:  Okay.  Go ahead.
20        MR. HEIDEMANN:  We did not file a motion for class
21 certification as to any class claims pertaining to the newly
22 added plaintiffs.
23        THE COURT:  Okay.  Let me ask you this, and I'm
24 just -- and I understand your point, I guess I understand that
25 you believe you could move for class cert.  But what if the --

                                3

Denise C. Halasey, CCR, CVR
Certified Court Reporter

Case 6:15-cv-03519-BCW   Document 43   Filed 02/23/16   Page 3 of 10

1  I extended the time for defense to answer.  What if they want
2  to file any motions that I may look favorably on that
3  dismisses some of these?
4           MR. HEIDEMANN:  Yes, Judge.
5           THE COURT:  Wouldn't that affect -- it seems like
6  we're just moving way to quick.  I know we are supposed to do
7  it, but it just seems way to quick for me.
8           MR. HEIDEMANN:  And Judge, we figured that the Court
9  might be inclined to defer class certification.  I think if
10 the Court believes that we are moving too quit and maybe some
11 of the issues needed to be framed, we would prefer that the
12 motion be deferred rather than denied without prejudice.
13          THE COURT:  Why?  What is the difference?  I'm just
14 curious as a tactical -- what's the difference?  Because, one,
15 it just stays on my motion list to be quite honest, pending,
16 so I would deny it and you file it again.  So I mean, why do
17 you say that?  I mean, I'm telling you why I don't want it to.
18 I just don't want it sitting on my pending list out there
19 staying to be quite honest.  But I'll do it.  But I just want
20 to know what is the difference whether it's stayed or whether
21 I deny it without prejudice and you refile?
22          MR. HEIDEMANN:  One of the common tactics that we've
23 seen recently among the defense bar in class claims is the
24 concept of trying to pick off the class reps without Rule 68
25 offers of judgment.

4

1       THE COURT: Okay.

2       MR. HEIDEMANN: There is a split of authority among
3  courts in the 8th Circuit about whether or not a motion for
4  class certification eliminates the ability to use Rule 68
5  motion practice in class actions.

6       So that issue, you know, we believe is settled so
7  long as there is a motion for class certification on file.

8       THE COURT: Well, would you potentially file another
9  motion for certification on the other claims from your
10 amended? And then we would be piece-mealing this together,
11 correct?

12      MR. HEIDEMANN: Yes, sir.

13      THE COURT: Okay. Let me hear from the defense.

14      MR. LANGAN: Yes, Your Honor, this is Andrew Langan
15 for L-3. And for the reasons that Your Honor has hinted at,
16 we think that what has happened here is a little bit of the
17 cart before the horse. We think that this motion for class
18 certification was brought related to a complaint that has now
19 been superseded by the amended complaint. So that is one
20 problem.

21      Secondly, we think that the parties should sit down
22 and talk about an entire schedule as Your Honor has laid out
23 in his order of a couple weeks ago for an initial scheduling
24 conference. We should sit down, talk about a schedule, take
25 up class certification in an orderly fashion. They have

5

already said they are probably going to file a new class motion anyway. We do have substantial issues about whether or not a class is properly certifiably here. We are going to respond to the complaint probably with a motion to dismiss at least some of the claims.

THE COURT: Right.

MR. LANGAN: We need to get the pleadings settled. And we just think that the orderly way to handle things is to take things in the ordinary course, as the Court normally would. Settle the pleadings, get some class discovery done, and then test whether or not certification is proper.

And this motion that was filed sort of tries to leap frog all that, and there is just no need for it. So.

THE COURT: Let me ask this.

MR. LANGAN: Yeah.

THE COURT: Counsel brought up something and he answered my question with this Rule 68 offer a judgment. If I -- are you going to do that?

MR. LANGAN: You know, we haven't made any Rule 68 offers of judgment. I mean, it's really a hypothetical question at this point. So, you know, will we? You know, I guess that will be up to our client.

THE COURT: Sure.

MR. LANGAN: But there's no pending Rule 68 offer of judgment and it is really a hypothetical question at this

6

1  point.
2           THE COURT:  Got it.  All right.  Well, you know, the
3  only decision I have to make is whether I'm going to -- but I
4  do think the parties need to meet and confer, consistent with
5  the Court's order.  And, you know, I mean, kind of build in
6  this time where they're going to move for -- I think what I'll
7  do is and I'm thinking about this.
8           Clearly, it is going to be denied or it is going to
9  be stayed.  It's just a matter of which one I choose to do.
10 Because I do think it is a bit premature Mr. Heidemann and Mr.
11 Duncan.
12          Okay.  Well, I'm just kind of thinking out loud.  I
13 got what I wanted from this phone conversation.  I think the
14 Court will do one of the two.  And I appreciate your time
15 unless you have any more thoughts or comments you want to
16 make.  And what I'll do is just issue an order about whether
17 I'm staying it or denying it without prejudice.
18          Any more comments?
19          MR. HEIDEMANN:  No, Judge.  None on behalf of the
20 plaintiffs.  We do believe that the Rule 68 issue I think he
21 says that the question that you asked remains unanswered.
22          THE COURT:  Right.
23          MR. HEIDEMANN:  Yes, it was a hypothetical question
24 when asked by its nature as well.  So I think that may give
25 the Court some guidance on what to do in this case.  But we

7

1   would really ask the Court to consider staying ruling on it.
2           Even if we did file an amended motion down the line,
3   it would remain pending and we wouldn't have to deal with
4   those issues that we had to deal with in other cases with
5   Judge Harpool.
6           THE COURT:  Go ahead, counsel.
7           MR. LANGAN:  This is Andy Langan for the defendants.
8   Obviously, our preference would be to have the motion denied
9   without prejudice at this time.
10          It doesn't even, the current motion doesn't even
11  apply to the operative complaint.  So I don't understand what
12  the point is.  So, I mean, we think Your Honor should deny it
13  without prejudice, and we take these things up in a normal
14  fashion.
15          THE COURT:  Okay.  All right.  Well, I've heard both
16  of your positions and the Court will consider both and then
17  rule accordingly.  And then we'll just follow suit with our
18  schedule.
19          I don't know when we are set for our pretrial?
20          MR. LANGAN:  I think it is the 24th, of February,
21  Your Honor.
22          THE COURT:  Okay.  We'll just move forward
23  accordingly, and if we have any other issues at that time we
24  can bring them up there.  Okay.
25          MR. DUNCAN:  Thank you, Your Honor.

8

Denise C. Halasey, CCR, CVR
Certified Court Reporter

Case 6:15-cv-03519-BCW   Document 43   Filed 02/23/16   Page 8 of 10

```
 1              MR. LANGAN:  Thank you.
 2              THE COURT:  I really appreciate you all getting on
 3   the phone with me.
 4              MR. HEIDEMANN:  Thanks, Your Honor.
 5              MR. LANGAN:  Thank you, Judge.
 6         Let me ask you a question.  You guys did mention
 7   something with Judge Harpool.  Was that you, Mr. Langan?
 8              MR. HEIDEMANN:  That was me, Judge, Craig.
 9              THE COURT:  I just missed that.  What is going on
10   with Judge Harpool?
11              MR. HEIDEMANN:  Oh, nothing.  I said we had other
12   class claims with Judge Harpool that wrestle the Rule 68
13   issue.
14              THE COURT:  Okay.
15              MR. HEIDEMANN:  Nothing in this case.
16              THE COURT:  Okay.  I just heard Judge Harpool and I
17   was trying to relate it.  Okay.  Thanks a lot.
18              MR. HEIDEMANN:  Thanks, Your Honor.
19              MR. LANGAN:  Thank you, Judge.
20              THE COURT:  All right.
21
22   (THEREUPON, the following proceedings were adjourned.)
23
24                         CERTIFICATE
25
                                 9
```

Denise C. Halasey, CCR, CVR
Certified Court Reporter

1    I certify that the foregoing is a correct transcript
2    from the record of the proceedings in the above-entitled
3    matter.
4
5        February 23, 2016
6                            /s/ Denise C. Halasey
                             Denise C. Halasey, CCR, CVR
7                            U.S. Court Reporter