IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW TYLER FOSTER, et al., | ) |
| Plaintiffs, | ) ) ) ) |
| vs. | ) ) Case No. 6:15-cv-03519-BCW ) |
| L-3 COMMUNICATIONS CORPORATION, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S SUGGESTIONS IN OPPOSITION TO
PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**INTRODUCTION**

L-3 Communications Corporation ("EOTech") opposes plaintiffs' motion for appointment of interim class counsel. The motion is premature, unnecessary, and it fails to satisfy the requirements for designation of interim class counsel under Rule 23.[1]

**ARGUMENT**

Courts may designate interim counsel prior to certification "if *necessary* to protect the interests of the putative class" and where there is "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 Advisory Committee Notes (emphasis added). This action is in its early stages, and plaintiffs have not identified any rivalry, uncertainty, or risk of prejudice to the putative class that would require designation of interim

---

[1] As an initial matter, plaintiffs' motion contains multiple errors regarding the procedural history of this case that need to be addressed. For example, plaintiffs state that (1) EOTech's responsive pleading in this action was due on January 5, 2016; (2) that EOTech had not filed a response to plaintiffs' motion for class certification; and (3) that no attorneys for EOTech had made an appearance in this action. (Mot. at 7-8.) None of these statements are accurate. *See* Dkt. No. 20 (filed Jan. 8, 2016) (granting EOTech an extension of time to respond to plaintiffs' amended complaint until February 8, 2016); Dkt. No. 11 (filed Jan. 4, 2016) (EOTech's Motion to Stay or Deny Plaintiffs' Motion for Class Certification); Dkt. Nos. 16-19 (filed Jan. 7, 2016) (granting motions for EOTech's counsel to appear *pro hac vice*). While plaintiffs' errors appear to be inadvertent, EOTech is addressing them to correct the record on these points.

class counsel at this early date. Plaintiffs' motion should be denied because it does not meet these requirements for the application of Rule 23(g)(3).

I. **APPOINTMENT OF INTERIM CLASS COUNSEL IS UNNECESSARY WHERE THERE ARE FEW RELATED ACTIONS BEFORE THE COURT.**

There are currently only two related putative class actions before this Court, with a third related action pending in the United States District Court for the District of Oregon — all of which remain in the very early stages of litigation.[2] Under these circumstances, appointment of interim class counsel is premature and unnecessary.

*First*, the fact that two separate sets of law firms have filed separate related lawsuits does not give rise to any debilitating "rivalry or uncertainty" that would require the Court to make a formal designation of interim class counsel. As other courts have recognized, "those cases in which interim counsel is appointed are typically those in which **a large number of putative class actions** have been consolidated or are otherwise pending before a single court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (emphasis added); *see also Donaldson v. Pharmacia Pension Plan*, Civ. No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) (denying a pre-certification request to appoint interim class counsel on the grounds that "the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court," in which "a number of lawyers may compete for class counsel appointment"). Plaintiffs concede that "[i]nterim class counsel is not required in all class actions" (Mot. at 10), and this is indeed such a case. In managing this litigation, the Court is capable of coordinating proceedings between the

---

[2] *Rolfes, et al. v. L-3 Communications EOTech Inc., et al.*, No. 4:16-cv-00095 (W.D. Mo.) (filed Feb. 4, 2016) was recently transferred from Judge Sachs to Judge Wimes and is the subject of a pending motion for consolidation with the instant case. The *Rolfes* plaintiffs have also moved for appointment as interim class counsel; EOTech is submitting today its brief opposing that motion that motion and premature and unnecessary. *Chen v. L-3 Communications EOTech Inc.*, No. 1:15-cv-02308 (D. Or.) (filed Dec. 10, 2015), like the two actions before this Court, remains early in the pleadings stage.

2

two actions and sets of plaintiffs' counsel without the need for formal appointment of class counsel so early in the litigation.

Plaintiffs' motion suggests nothing to the contrary. Indeed, their motion omits any mention of the *Rolfes* action and discusses the *Chen* action only briefly, never suggesting that either action impedes plaintiffs' counsel's ability to conduct its representation in any way. To the contrary, plaintiffs stress that proceedings in the *Chen* action have not progressed significantly to date, noting that "[t]he Oregon plaintiff has not filed a motion for class certification" and that at present "there are no proposed class representatives" for many of the claims in the *Chen* action. (Pls. Mot. at 9.) These assertions confirm the conclusion that no rivalry or uncertainty regarding the roles of plaintiffs' counsel has arisen that would mandate formal designation of interim class counsel before the Court has even ruled on motions to dismiss or addressed the coordination of discovery and other proceedings among the three actions.

## II. APPOINTMENT OF INTERIM CLASS COUNSEL IS NOT NEEDED TO PROTECT THE INTERESTS OF THE ALLEGED CLASS.

Although the Advisory Committee Notes to Rule 23 describe several considerations that are relevant to deciding whether to designate interim class counsel, none of them are currently at issue in this litigation. **First**, appointment of interim counsel is unnecessary at this time to "take action to prepare for the certification decision." *See* Fed. R. Civ. P. 23 Advisory Committee Notes. Under the parties' proposed scheduling order, no ruling on class certification motion is expected until 2017, and concerns about preparing for such a decision at this time are thus premature at best. **Second**, plaintiff has made no suggestion that appointment of interim counsel is necessary to "make or respond to motions before certification." *See id*. **Third**, appointment of

interim counsel is unnecessary to discuss settlement at this time given the nascent state of these cases. *See id.*

While some discovery has commenced, this case remains in the pleadings stage, and plaintiffs are not scheduled even to respond to defendant's motion to dismiss their claims until March 25, 2016. Where a case has not progressed beyond the pleadings stage, designation of interim class counsel is inappropriate. *Lyons v. CoxCom, Inc.*, No. 08-CV-02047-H(CAB), 2009 WL 6607949, at *2 (S.D. Cal. July 6, 2009).

Further, to the extent that any actions to prepare for a certification decision, file or respond to motions, or engage in settlement discussions can be taken at this juncture, responsibility already resides with the counsel who filed this putative class action. The official comment to the Rule states:

> Failure to make the formal designation [of class counsel prior to certification] does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.

Fed. R. Civ. P. 23 Advisory Committee Notes.

Nowhere in plaintiffs' motion do they identify any risk of prejudice to the putative class that would require the designation of interim class counsel. Thus there is no basis for granting their motion at this time. *See Yaeger v. Subaru of Am., Inc.*, No. 14-cv-4490, 2014 WL 7883689, at *2-3 (D.N.J. Oct. 8, 2014) ("Plaintiffs' counsel do not identify particular issues and/or concerns relevant to the orderly and efficient adjudication of this litigation on a putatively class basis. . . . In the event the concerns delineated in the Manual for Complex Litigation arise prior to the determination of a motion for class certification, counsel may renew their motion."). To the contrary, designating interim class counsel at this early date itself risks prejudice to the putative class, which is best served by permitting time for issues of class representation to be

thoroughly addressed in due course rather than on a motion by only one set of counsel at the outset of this action. *See Gedalia v. Whole Foods Mkt. Servs., Inc.*, No. 4:13-cv-03517, 2014 WL 4851977, at *3 (S.D. Tex. Sept. 29, 2014) ("[P]remature granting of interim counsel designation may prejudice the class.") (citing Fed. R. Civ. P. 23 Advisory Committee Note as "suggesting courts defer appointment to 'facilitate [ ] competing applications' in order to 'afford the best possible representation for the class'").

The putative class of purchasers of EOTech sights faces no urgent need for representation by formally designated interim class counsel. There is no emergency present here. Instead, this lawsuit is typical putative class litigation, and as such issues of class representation can be addressed by the Court in the ordinary course.

## CONCLUSION

For the foregoing reasons, EOTech respectfully requests that the Court deny plaintiffs' motion.


DATED: March 14, 2016              Respectfully submitted,

                                   SHOOK HARDY & BACON L.L.P.

                                   */s/ J. Andrew Langan*

                                   Joe Rebien, #35071
                                   David B. Dwerlkotte, #62864
                                   2555 Grand Boulevard
                                   Kansas City, Missouri 64108-2613
                                   Telephone: 816.474.6550
                                   Facsimile: 816.421.5547

Richard C. Godfrey, P.C. (*pro hac vice*)
J. Andrew Langan, P.C. (*pro hac vice*)
Kristopher S. Ritter (*pro hac vice*)
Tim Pickert (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: 312.862.2000
Facsimile: 312.862.2200

*Attorneys for Defendant L-3 Communications Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2016 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notifications of such filing to the CM/ECF participants registered to receive service in this matter.

/s/ *J. Andrew Langan*

*Attorney for Defendant*