```
 1              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF MISSOURI
 2                      WESTERN DIVISION

 3   ANDREW FOSTER, ET AL,         )
                                   )
 4            Plaintiff,           ) No.  6:15-CV-03519-BCW
                                   )      August 26, 2016
 5            v.                   )      Kansas City, Missouri
                                   )      CIVIL
 6   L-3,                          )
                                   )
 7            Defendant.           )

 8           TRANSCRIPT OF TELEPHONE CONFERENCE
             BEFORE THE HONORABLE BRIAN C. WIMES
 9              UNITED STATES DISTRICT JUDGE

10     Proceedings recorded by electronic voice writing
                Transcript produced by computer
11
                          APPEARANCES
12

13   For Plaintiffs:     MR. NATHAN DUNCAN
                         Douglas, Haun & Heidemann - Bolivar
14                       111 W. Broadway
                         P.O. Box 117
15                       Bolivar, Missouri  65613-0117

16                       MR. ADAM R. GONNELLI
                         Faruqi & Faruqi, LLP
17                       685 Third Avenue
                         26th Floor
18                       New York, NY  10017

19                       MR. BONNER WALSH
                         Walsh LLC
20                       P.O. Box 7
                         Bly, OR  97622
21
                         MR. TIM DOLLAR
22                       Dollar, Burns & Becker
                         1100 Main Street - Suite 2600
23                       Kansas City, Missouri  64105

24

25        Denise Catherine Halasey CCR, CVR-CM
     US Court Reporter for The Honorable Brian C. Wimes
```

```
 1                    APPEARANCES CONTINUED

 2   For Plaintiffs:      MS. SHARON ALMONRODE
                          The Miller Law Firm, P.C
 3                        950 W. University Drive
                          Suite 300
 4                        Rochester, MI   48307

 5


 6   For Defendant:       MR. RICHARD GODFREY
                          Kirkland & Ellis – Chicago
 7                        300 N. LaSalle Street
                          Chicago, Illinois   60654
 8
                          MR. JOSEPH REBEIN
 9                        Shook, Hardy & Bacon, LLP–KCMO
                          2555 Grand Boulevard
10                        Kansas City, Missouri   64108

11                        MR. KRISTOPHER RITTER
                          Kirkland & Ellis – Chicago
12                        300 N. LaSalle Street
                          Chicago, Illinois   60654
13
                          MR. ANDREW LOGAN
14                        Kirkland & Ellis – Chicago
                          300 N. LaSalle Street
15                        Chicago, Illinois   60654

16

17

18

19

20

21

22

23

24

25
                                  2
```

```
 1                      August 26th, 2016
 2              (Proceedings began at 9:01 AM)
 3              THE COURT:  Good morning, counsel.
 4              MR. DOLLAR:  Good morning.
 5              MR. GODFREY:  Good morning.
 6              THE COURT:  I know we have quite a few attorneys on.
 7   I won't go through all the names like I normally do.  I know
 8   we've got them all down.
 9              Let me ask, who's going to take the lead with
10   respect to the plaintiffs, in terms of this conference call?
11              MR. DOLLAR:  Tim Dollar.
12              THE COURT:  Okay.  Good morning, Mr. Dollar.
13              And what about in terms of defendant, L-3?
14              MR. GODFREY:  Rick Godfrey, Your Honor.  Good
15   morning.
16              THE COURT:  Okay.  Good morning, Mr. Godfrey.
17              A couple things, I wanted to get on a conference
18   call because there had been a time, and I kind of want to just
19   set a schedule in terms of how we are going to proceed.
20              First of all, there are several issues or a few
21   issues I wanted to deal with.  I did see -- although I didn't
22   necessarily rule on the joint report on status of proceedings
23   and request for extension to stay.  I think that was document
24   number 80 which asked this Court to extend the stay until
25   October the 12th.
                                 3
```

1  You know, with that said, though, it seems like or
2  from my understanding now the cases that were in Michigan, are
3  here.  Although they haven't been formally consolidated.  I do
4  have those cases.
5  I think there are a couple things that we probably
6  should move forward on.  I think, one, at this point in time
7  we should move to get a scheduling order in place.
8  What are thoughts there?
9  MR. DOLLAR:  Sure.  This is Tim Dollar, Your Honor,
10  we agree.
11  THE COURT:  Okay.
12  MR. GODFREY:  I think, Your Honor, with respect to a
13  scheduling order there are a few predicates for the Court to
14  consider in that regard.
15  THE COURT:  What would those be?
16  MR. GODFREY:  One would be a consolidation which we
17  do not oppose.
18  THE COURT:  Right.
19  MR. GODFREY:  So I think that that is something the
20  Court could consider and decide on.
21  And secondly, in this type of litigation and
22  typically we have what would now be five complaints alleging
23  essentially the same thing.  Once they are consolidated, the
24  first step is for the plaintiffs to file a consolidated
25  amended complaint so that the defendants only deal with a

4

Denise C. Halasey, CCR, CVR-CM
United States Court Reporter

Case 6:15-cv-03519-BCW   Document 92   Filed 09/01/16   Page 4 of 13

single pleading, and the Court can focus only on a single
pleading, which avoids duplication of motion practice.

THE COURT: Sure.

MR. GODFREY: I think that would be a starting
point.

THE COURT: Well, you beat me. You just took them
in the wrong order. I think we need a scheduling order. My
next points were we need to, one, get these cases formerly
consolidated. Second, we've got to get this -- which I was
going to ask with respect to this, this joint complaint. And
now that we have the additional cases in there, that the
parties would have to follow that, notwithstanding that. That
was part of my goal that we accomplish.

After we do that goal, what we need to do is set a
scheduling order. And let me just tell you how my thoughts
are. Set a scheduling order. Get back on the phone so the
Court agrees with those dates.

Also, we need to take a look at the -- there was
a motion, outstanding motion pending right now it terms of
filed by the plaintiffs that the Court at one time considered
and denied as kind of premature in light of the MDL, but now I
think it is more ripe to take up the issue with respect to
lead counsel on this matter.

Now, as part of your motion to extend the stay. I
know the parties had talked about the plaintiffs would file,

5

which they have, the motion.  And I guess the defense
certainly will reserve the right to oppose it.  So that's
pending out there.

So I did want to know the defenses position on that
because if we get that matter settled, that would just be one
more thing.

MR. GODFREY:  Basically the position that L-3/EOTech
has on the interim counsel, we would like to file a brief in
opposition.

THE COURT:  Okay.

MR. GODFREY:  I can preview the reasons why now for
the Court or I can wait until September 9th, on the due date.

THE COURT:  No, I'd rather know now, because in my
opinion, in light of the last time we got on, it just seems
like if more cases are filed we are just going to keep going
through this, and I'm trying to avoid that.  So yes, I'll
allow you to file on September 9th.  But I'm kind of giving
you a preview, unless there are some compelling reasons, the
Court is going to rule accordingly.

But go ahead, tell me why you think in opposition to
in these types of cases, which I think you preference.

MR. GODFREY:  Number one, we have not had and we
have not seen any other litigations filed since the beginning
of last December, January, and February.  So we have not seen
the type of litigation that sometimes causes courts to

6

1  consider granting motion.  Number two --
2            THE COURT:  Well, hold on, hold on.  Let me stop for
3  a second.  So that is when they consider granting?  I think
4  I've considered it for other reasons outside of that because
5  there's not more cases filed.  I mean, when you have a lot of
6  cases -- I always look at they file motions on who is going to
7  be the lead counsel on it.  It doesn't really matter whether
8  cases are filed all across the country.  If I have a
9  significant enough cases, that's really not a consideration to
10 the Court.  But go ahead.
11           MR. GODFREY:  And there is no particular order to
12 the reasoning, I just was addressing the Court's comments
13 about --
14           THE COURT:  Sure.
15           MR. GODFREY:  The second issue is when Court's file
16 it, typically they file -- when Court's approve it, they
17 typically do so as Your Honor knows when there is a need for
18 coordination among counsel on the plaintiffs side.  Here we
19 have for -- with respect to all the cases before the Court as
20 far as we can tell the Court -- the plaintiff is self-ordered.
21 So the plaintiffs involved in these cases have already
22 self-ordered and regulated themselves so we don't see --
23           THE COURT:  Self-ordered and regulated?  I'm not
24 sure I know what that means.
25           MR. GODFREY:  Self-ordered.  They have arranged

7

Denise C. Halasey, CCR, CVR-CM
United States Court Reporter

Case 6:15-cv-03519-BCW   Document 92   Filed 09/01/16   Page 7 of 13

themselves that they have a coordinated plaintiff's bar or plaintiff's group on the other side so that the Court doesn't need to appoint someone when they've already told the Court here's what we have agreed to do and here's how we are going to handle it. They have already done that in terms of ordering it and in terms of self-regulate. They have already worked out the differences if they have any amongst themselves. So that the rivalry that the court is often concerned about, not just Your Honor, but any federal court would be concerned about, does not appear to be present in this case.

In addition, there is no risk that has been identified that appear to the class. So that the appointment of interim counsel does not appear to us at least to be substituted by any identifiable risks with respect to the class. So that the factors that courts have typically looked at, and I know Your Honor is familiar with them.

THE COURT: Sure.

MR. GODFREY: We look at those factors and we say it does not appear to us that there is any need for this appointment now where given their self-ordering at any time in the foreseeable future.

THE COURT: Okay. Well, you if you want to file, the Court will allow you to file and then I'll rule accordingly. Then I'll give the plaintiff the opportunity to

1   reply to that, the opposition, and the Court will rule
2   accordingly, and we will just move from there.
3           MR. GODFREY:  Thank you, Your Honor.
4           THE COURT:  Okay.  Yes.
5           And I'll allow, if the plaintiff, Mr. Dollar, if you
6   want to address anything.  If they want to oppose it, they
7   have every right.  And the Court would like to see, you know,
8   their opposition.  Which he has kind of outlined, but it could
9   be slightly different also as they file it.  And then I'll
10  give you all the opportunity to reply, and then we'll go from
11  there.
12          MR. DOLLAR:  Your Honor, as you might expect, I will
13  have responses to each of those points, but I will reserve
14  them for the brief.
15          THE COURT:  Okay.  Great.
16          So that covers most things I have.  I think -- a
17  couple things I want to know in terms of -- have you all filed
18  any motions with respect to the consolidation?
19          MR. DOLLAR:  I believe it was addressed in our
20  brief.  Adam can correct me if I'm wrong.  But I think that
21  was a part of our brief that it be consolidated.  That would
22  then be followed by a consolidated complaint.
23          THE COURT:  And then there is no opposition.
24          MR. GODFREY:  No opposition to that consolidation,
25  Your Honor.

1  THE COURT: Okay. Great.
2  I guess what I'm looking for is a time frame
3  ultimately to get you guys back on. And it will probably
4  be -- because with all those things being done, I do want you
5  guys to meet and confer with respect to the scheduling. And
6  then I'll get you guys back on a phone conference after that
7  is done so we can move forward on this case.
8  What do you guys think in terms of a time frame?
9  MR. DOLLAR: For us to get back together, Your
10 Honor, you mean?
11 THE COURT: Well, yeah, for us to get back on a
12 conference call. Probably 30 days out?
13 MR. DOLLAR: I don't even necessarily believe it
14 needs to be that long. I was thinking maybe the 15th of
15 September. And before then you'll have the pleadings on the
16 lead counsel motion, and hopefully you will be in a position
17 to rule on that. And we'll be ready to present something to
18 you.
19 THE COURT: Okay.
20 MR. GODFREY: I would think 30 days, Your Honor. I
21 think we won't need anything longer than that.
22 THE COURT: I think 30 is good.
23 One reason I was trying to do that, Mr. Dollar, is
24 to extend it so all the briefing would be done on the issue.
25 And the Court would probably rule on that prior to getting on

```
 1   the conference call.  And then we would move forward from
 2   there.
 3              Bear with me, one moment.  How about Friday,
 4   September 23rd, how about 9:30 or 10:00?  Let's say 9:30, does
 5   it not work for anybody?
 6              MR. GODFREY:  Just one second, Your Honor.  I
 7   actually have a conflict that morning.
 8              THE COURT:  Okay.  How about Thursday, the 22nd, at
 9   9:30?
10              MR. GODFREY:  That would be fine, Your Honor.
11              THE COURT:  Does that present a problem for anyone
12   or is that a good time?  Okay.  Sounds good.
13              I think by then what we will have done is these
14   cases will be consolidated, Court will grant them.  You guys
15   will have the opportunity to meet and confer.  That will give
16   us time for the briefing on the issue with lead counsel and
17   the Court will have ruled on that.  We will be set and we will
18   get all those dates to make sure that they meet with the
19   Court's schedule.  And we'll be ready to go.
20              You know, I appreciate you all getting on the phone.
21   Is there anything else?  That's all I have.
22              MR. GODFREY:  Not from the defendant's side, Your
23   Honor.  But thank you very much for the time that you have
24   given us this morning.  I appreciate it as always.
25              MR. DOLLAR:  Nothing from the plaintiffs, thank you.
```
11

1          THE COURT:  You know, and this is a good point.
2  When do we -- can we -- I probably need a date.  And it was
3  just brought to my attention, rightly so.  Typically what I
4  want to have when can you get that scheduling order filed with
5  the Court?  Because before we get on I want to have the change
6  to look at it.  Typically with these cases and Rule 23, these
7  certifications, sometimes we have to look at the scheduling
8  order again after any hearings or motions.  Can you filed to
9  the Court -- what date did you suggest, Dollar, in terms of
10 getting back on the phone?
11         MR. DOLLAR:  Well, I was thinking, you know, as long
12 as we meet and confer, you know, we could be ready by the
13 15th.  I know the defense wants 30 days to get back on the
14 phone again.
15         THE COURT:  Yeah.
16         MR. DOLLAR:  Surely, by the time that we visit with
17 you on the 22nd we could have something filed.
18         THE COURT:  Yeah.
19         MR. DOLLAR:  It's not too complicated.  We can pick
20 some dates and get them to you.
21         THE COURT:  Sure.
22         MR. GODFREY:  How about the 19th, Your Honor.  Does
23 that give the Court enough time?
24         THE COURT:  Yes.  I would like some time to review.
25 Let's have that filed to the Court by the 19th.  And I think

```
 1   we have covered everything that I wanted to cover.  So I will
 2   get out a brief order summing up what this conference call was
 3   about and I will talk to you all on the 22nd.
 4            MR. DOLLAR:  Thank you so much, Your Honor.
 5            MR. GODFREY:  Thank you, Your Honor.
 6            THE COURT:  Okay.  Thank you and have a great
 7   weekend.
 8   (THEREUPON, the following proceedings were adjourned.)
 9
10                           CERTIFICATE
11
12            I certify that the foregoing is a correct transcript
13   from the record of the proceedings in the above-entitled
14   matter.
15
         September 1, 2016
16
17                       /s/ Denise C. Halasey
                         Denise C. Halasey, CCR, CVR-CM
18                       United States Court Reporter
```

Denise C. Halasey, CCR, CVR-CM
United States Court Reporter