**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANDREW TYLER FOSTER, et al., | ) | Case No. 6:15-cv-03519-BCW |
| Plaintiffs, | ) ) ) | Consolidated with: |
| vs. | ) ) ) | |
| L-3 COMMUNICATIONS CORPORATION, | ) ) | Case No. 4:16-cv-00095-BCW<br>Case No. 6:16-cv-03109-BCW |
| Defendant. | ) ) ) | Case No. 4:16-cv-00438-BCW<br>Case No. 4:16-cv-00439-BCW |

## DEFENDANT'S SUGGESTIONS IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

### INTRODUCTION

L-3 Communications Corporation ("EOTech") opposes plaintiffs' motion for appointment of interim class counsel. The motion is premature, unnecessary, and it fails to satisfy the requirements for designation of interim class counsel under Rule 23.

### ARGUMENT

Rule 23(g)(3) "authorizes the court to designate interim counsel during the pre-certification period *if necessary* to protect the interests of the putative class" and, in particular, where there is "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 Advisory Committee Notes (emphasis added). There is no right to such an appointment, and no appointment is necessary in this case. This action remains in its early stages, and plaintiffs have identified no rivalry, uncertainty, or risk of prejudice to the putative class that would require designation of interim class counsel at this early date. Plaintiffs' motion should be denied at this time because it does not meet these requirements for the application of Rule 23(g)(3).

## I. THIS ACTION LACKS THE "RIVALRY OR UNCERTAINTY THAT MAKES FORMAL DESIGNATION OF INTERIM COUNSEL APPROPRIATE" UNDER RULE 23.

Pre-certification work on behalf of a putative class "[o]rdinarily . . . is handled by the lawyer who filed the action," without the need for pre-certification designation of interim class counsel. Fed. R. Civ. P. 23 Advisory Committee Notes. The exception to this ordinary rule arises in cases where there are competing and uncoordinated groups of lawyers purporting to represent the putative class, such that "there may be rivalry or uncertainty that makes the formal designation of interim counsel appropriate." *Id.*[1]

Such is not the case here. To the contrary, plaintiffs assert that their counsel are already aligned into a cooperative leadership structure and that there are no rival lawyers seeking to represent the putative class. (Pls.' Mem. at 1 ("The movants have self-organized and agreed to the proposed leadership structure among themselves and know of no competing leadership applications.").) The Court has actively managed these cases and instructed plaintiffs' counsel to file a consolidated complaint by September 19 and that all parties submit a proposed scheduling order by September 19 for discussion at a telephone conference on September 22. To

---

[1] The full text of the 2003 Advisory Committee Note to Rule 23(g)(3) (which preceded the re-numbering of the subsections of Rule 23) is as follows:

> Paragraph (2)(A) authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class. Rule 23(c)(1)(B) directs that the order certifying the class include appointment of class counsel. Before class certification, however, it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made. Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole. For example, an attorney who negotiates a pre-certification settlement must seek a settlement that is fair, reasonable, and adequate for the class.

the extent that any actions to prepare for a certification decision, file or respond to motions, or engage in settlement discussions can be taken at this juncture, responsibility already resides with these plaintiffs' counsel. As the official comment to the Rule states:

> Failure to make the formal designation [of class counsel prior to certification] does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.

Fed. R. Civ. P. 23 Advisory Committee Notes. Thus formal designation of plaintiffs' counsel as interim class counsel is unnecessary for them to act on behalf of the putative class in the ordinary course of the litigation.

Accordingly, courts have declined to designate interim class counsel where there is no rivalry among different counsel purporting to represent a putative class. *See, e.g.*, *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (denying motion to appoint interim counsel where there was "no rivalry among competing law firms to represent the putative class"); *Donaldson v. Pharmacia Pension Plan*, Civ. No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) (denying a pre-certification request to appoint interim class counsel on the grounds that "the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court," in which "a number of lawyers may compete for class counsel appointment").

Because there is now no potential for confusion as to who represents the putative class, the Court can and should allow issues of class certification and appointment of class counsel to be decided on a fully developed record in the ordinary course of the litigation, pursuant to whatever schedule the Court establishes in the coming weeks. No designation of interim class

3

counsel is appropriate now, because the only firms before the Court seeking to represent the putative class in this case are the aligned counsel for plaintiffs.

## II.     APPOINTMENT OF INTERIM CLASS COUNSEL IS NOT NEEDED TO PROTECT THE INTERESTS OF THE ALLEGED CLASS.

Plaintiffs' motion fails to identify *any way* in which appointment of interim class counsel would protect the interests of the putative class or otherwise advance any other interests in the litigation. Instead, plaintiffs assert that the "Court should . . . defer to Plaintiffs' 'private ordering' approach." (Pls.' Mem. at 13.) The Manual for Complex Litigation, however, expressly cautions against such deference, stating that "the judge is advised to take an active part in the decision on the appointment of counsel. *Deferring to proposals by counsel without independent examination*, even those that seem to have the concurrence of a majority of those affected, *invites problems down the road* . . . ." Manual for Complex Litigation (Fourth) § 10.224 (emphasis added). As the Manual further cautions, when counsel ask the Court to approve a proposed class counsel structure, "such an arrangement should be *necessary*, not simply the result of a bargain among the attorneys." *Id*. (emphasis added).

Accordingly, courts have denied motions to appoint interim class counsel where movants have identified no particular issues that would make their appointment *necessary* and not merely mutually advantageous to plaintiffs' counsel. *See, e.g.*, *Yaeger v. Subaru of Am., Inc.*, No. 14-cv-4490, 2014 WL 7883689, at *2-3 (D.N.J. Oct. 8, 2014) ("Plaintiffs' counsel do not identify particular issues and/or concerns relevant to the orderly and efficient adjudication of this litigation on a putatively class basis. . . . In the event the concerns delineated in the Manual for Complex Litigation arise prior to the determination of a motion for class certification, counsel may renew their motion."). Moreover, courts have been particularly reluctant to entertain motions under Rule 23(g)(3) where an action remains in its early stages and has not yet reached

4

issues that implicate the rights of the putative class, holding that where a case has not progressed beyond the pleadings stage, designation of interim class counsel is inappropriate. *Lyons v. CoxCom, Inc.*, No. 08-CV-02047-H (CAB), 2009 WL 6607949, at *2 (S.D. Cal. July 6, 2009). Indeed, this case is likely to remain in the pleadings stage for months to come, as plaintiffs have yet to even to file their consolidated amended complaint.

The putative class of purchasers of EOTech sights faces no urgent need for representation by formally designated interim class counsel. There is no emergency present here. Instead, this lawsuit is typical putative class litigation, and as such issues of class representation can be addressed by the Court in the ordinary course.

**CONCLUSION**

Rule 23(g)(3) "authorizes the court to designate interim counsel during the pre-certification period *if necessary* to protect the interests of the putative class" and, in particular, where there is "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 Advisory Committee Notes (emphasis added). There is no right to such an appointment, and no appointment is necessary in this case. For these reasons, EOTech respectfully requests that the Court deny plaintiffs' motion.


DATED:  September 9, 2016         Respectfully submitted,

SHOOK HARDY & BACON L.L.P.

*/s/ J. Andrew Langan*

Joe Rebien, #35071
David B. Dwerlkotte, #62864
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

Richard C. Godfrey, P.C. (*pro hac vice*)
J. Andrew Langan, P.C. (*pro hac vice*)
Kristopher S. Ritter (*pro hac vice*)
Tim Pickert (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: 312.862.2000
Facsimile: 312.862.2200

*Attorneys for Defendant L-3 Communications Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2016 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notifications of such filing to the CM/ECF participants registered to receive service in this matter.

/s/ *J. Andrew Langan*

*Attorney for Defendant*
*L-3 Communications Corp.*