# Exhibit A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ANDREW TYLER FOSTER, et al., | ) | |
|---|---|---|
| | ) | Case No. 6:15-cv-03519-BCW |
| Plaintiffs, | ) | |
| | ) | Consolidated with: |
| vs. | ) | |
| | ) | Case No. 4:16-cv-00095-BCW |
| L-3 COMMUNICATIONS CORPORATION, | ) | Case No. 6:16-cv-03109-BCW |
| | ) | Case No. 4:16-cv-00438-BCW |
| Defendant. | ) | Case No. 4:16-cv-00439-BCW |

# JOINT PROPOSED SCHEDULING ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Defendant L-3 Communications Corporation submits the following proposed scheduling order:

**A.  PLEADINGS AND PRELIMINARY MOTION PRACTICE**

1. Plaintiffs filed their Second Consolidated Amended Complaint on September 19, 2016.

2. Defendant shall answer or otherwise respond to the amended consolidated complaint on or before November 15, 2016.  Defendant may also bring other motions under Rules 12 or 56 at any time permitted by the Federal Rules of Civil Procedure.

**B.  MEDIATION AND ASSESSMENT PROGRAM (MAP)**

The parties commenced mediation on August 12, 2016, and those discussions are continuing.  In late August 2016, both parties submitted Post-Mediation Status Reports to the MAP.

**C.  DISCOVERY**

1. **Bifurcation of class certification and merits discovery**:  Plaintiffs have asserted individual claims and claims on behalf of a putative class of consumers who purchased

holographic weapon sights that were manufactured, marketed, and sold by Defendant. Discovery should be conducted in two phases: (1) Preliminary Fact Discovery related to Rule 23 class certification, and (2) Merits Discovery, which shall commence upon the Court's determination of Plaintiffs' Rule 23 class certification motions.

The first phase of discovery in this case ("Preliminary Fact Discovery") shall be limited to facts relevant to class certification under Rule 23 of the Federal Rules of Civil Procedure. Discovery during the Preliminary Fact Discovery phase should focus on Plaintiffs' factual allegations that (1) the members of the class are so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims of the representative parties are typical of the class claims, and (4) the representative parties will fairly and adequately protect the class's interests. Discovery during this phase will also focus on whether the conditions for certification set forth in Rule 23(b) exist.

The Court expects the parties to focus the discovery sought during Preliminary Fact Discovery exclusively on issues relating to class certification. While it is possible that permissible discovery in this phase may in limited instances involve an overlap with issues relating to the merits of the parties' claims and defenses, all discovery requests during Preliminary Fact Discovery must relate substantially to class issues and be tailored to the extent possible so as not to include a significant merits component. To the extent disputes exist between the parties, following efforts to meet and confer, as to whether particular discovery sought is properly within the scope of Preliminary Fact Discovery, such disputes shall be raised with the Court in accordance with Local Rule 37.1.

Once the Court rules upon any motion to certify a class, the second phase of discovery ("Merits Discovery") shall begin.

2. Preliminary Fact Discovery related to class certification shall be completed on or before May 19, 2017.

3. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be conducted consistent with the Rules of Civil Procedure and the Local Rules of the Western District of Missouri.  This means that all discovery shall be completed, not simply submitted, on the dates specified for the completion of Preliminary Fact Discovery and Merits Discovery.  Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to those dates and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court.  Unless otherwise stipulated or ordered by the court, a deposition is limited to one (1) day of seven (7) hours, and the parties shall be limited to 17 depositions per side.  The Court reserves the right to exercise control over the taking of depositions.

4. Prior to the close of Merits Discovery, the parties shall jointly file a status report advising the Court of the status of discovery.  That report shall include a description of all discovery completed, all discovery scheduled but not yet completed, all discovery at that time identified as necessary but not yet scheduled, and all existing discovery disputes.  That report will be due fourteen (14) days prior to the close of Merits Discovery.

D.  **CLASS CERTIFICATION**

1. Plaintiffs shall file their motion for class certification on or before June 23, 2017.

2. Defendants shall file any suggestions in opposition to the motion for class certification on or before July 21, 2017.

3. Plaintiffs shall file their reply suggestions in support of their motion for class certification on or before August 18, 2017.

**E.     EXPERTS**

1. With respect to Preliminary Fact Discovery, Plaintiffs shall designate any expert witnesses on or before March 31, 2017, and Defendant shall designate any expert witnesses on or before May 5, 2017.  This Section E applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony.  This includes any person who may present evidence under Rules 702, 703 or 705 of the Federal Rules of Civil Procedure.

2. Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness designated pursuant to paragraph 1 above. See FRCP 26(a)(2)(B).  The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  The expert's testimony will be limited to opinions and information contained in the report and in any depositions that might be taken.

3. Preliminary Fact Discovery experts will be made available for deposition in the order in which they are disclosed and within twenty-one (21) days of the date they are disclosed unless otherwise agreed upon by the parties.

**F.     EXTENSIONS OF TIME.**

All motions for extension of time pursuant to FRCP 6(b) or FRCP 31, 33, 34 and 36 must state:

a. The date when the pleading, response or other action is/was first due;

b. The number of previous extensions and the date the last extension expires;

c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel to a requested extension is not binding on the Court).

G. **SUBSEQUENT PROCEEDINGS.**

Within fourteen (14) days of the Court's ruling on any motion to certify a class, the Parties shall submit to the Court a Joint Proposed Amended Scheduling Order for Merits Discovery and other proceedings in this action through trial. The proposed order shall include, among other things, deadlines for any motions to join additional parties or to amend the pleadings.

DATED: October _, 2016                Respectfully submitted,


**DOLLAR BURNS & BECKER, L.C.**


By /s/

Tim Dollar, Missouri Bar No. 33123
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tel: (816) 876-2600
Fax: (816) 221-8763
Email: timd@dollar-law.com


Craig Heidemann
**DOUGLAS, HAUN & HEIDEMANN, P.C.**
P.O. Box 117

111 W. Broadway
Bolivar, MO 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
craig@dhhlawfirm.com


Sharon S. Almonrode (admitted *pro hac vice*)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
ssa@millerlawpc.com


Bonner C. Walsh (admitted *pro hac vice*)
**WALSH, PLLC**
P.O. Box 7
Bly, Oregon 97622
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com


Adam R. Gonnelli (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
agonnelli@faruqilaw.com


*/s/ J. Andrew Langan*

Joe Rebein, #35071
David B. Dwerlkotte, #62864
SHOOK HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
J. Andrew Langan, P.C. (admitted *pro hac vice*)
Kristopher S. Ritter (admitted *pro hac vice*)
Tim Pickert (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendant L-3 Communications Corp.*