# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

ANDREW TYLER FOSTER, et al,

        Plaintiffs,

vs.

L-3 COMMUNICATIONS
EOTECH, INC. et al,

        Defendants.

Case No.6:15-cv-03519-BCW

Hon. Brian C. Wimes

Consolidated with:

    Case No. 4:16-cv-00095-BCW
    Case No. 6:16-cv-03109-BCW
    Case No. 4:16-cv-00438-BCW
    Case No. 4:16-cv-00439-BCW

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, this Action involves a class action lawsuit brought by Named Plaintiffs, Andrew Tyler Foster, Jesse Rolfes, Bruce Gibson, Alan Gibbs, Jason Brooks, Chris Drummond, Kainoa Kaku, Travis Young, Richard Morgan, Rob Dunkley, Chad Mingo, Jerry Chen, Michael Ma, April Smith, Jim Richard, Timothy Braginton, , and Clay Pittman, (collectively, the "Named Plaintiffs") on behalf of themselves, and as representatives of their respective class (the "Class") against Defendant L-3 Communications Corporation, now known as L3 Technologies, Inc., including its EOTech division, ("L3") (collectively the "Settling Parties");

WHEREAS, on or about February 1, 2017, Named Plaintiffs for themselves and as class/subclass representatives on behalf of their respective class/subclass (the Class Members) and L3 reached a preliminary agreement to settle the claims in the Action;

WHEREAS, the Settling Parties executed a Settlement Agreement on February 13, 2017;

WHEREAS, the Settlement Agreement, together with the exhibits thereto, set forth the terms and conditions for the proposed settlement of the claims alleged in Plaintiffs' Second

1

Consolidated Amended Class Action Complaint (the "Complaint") on the merits and with prejudice against L3; and

WHEREAS, the Named Plaintiffs have presented the Settlement of the Action for Preliminary Approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure, in accordance with the Settlement Agreement;

Now, pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval (Doc. No. [__]), the Court has preliminarily considered the Settlement Agreement to determine among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Class and held a telephonic hearing on the same on February 14, 2017. Upon reviewing the Settlement Agreement, the Unopposed Motion for Preliminary Approval, approving the Form and Manner of Notice and Setting Final Approving Hearing Date, and the supporting memoranda of law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein:

2.      The Court preliminarily finds that: (i) the proposed Settlement resulted from extensive arm's length negotiations; (ii) the proposed Settlement was agreed to after the Plaintiffs' Counsel had conducted extensive legal research and evaluation of the strengths and weaknesses of Named Plaintiffs' and the Class's claims; (iii) Plaintiffs' Counsel have concluded that the proposed Settlement is fair, reasonable and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Class. Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that the members of the Class, whose claims would be settled, compromised, dismissed,

and/or released pursuant to the Settlement, should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

3. The Court finds that the proposed Class meets the requirements of Rule 23(a) and 23(b)(3), satisfying the requirements of class certification. The four requirements of Rule 23(a) are (i) numerosity, (ii) commonality, (iii) typicality, and (iv) adequacy; plus one of the prongs of Rule 23(b).

    a. The Court finds that Named Plaintiffs have adequately alleged that Defendant has sold hundreds of thousands of HWS that are at issue in this case. Accordingly the requirement of numerosity under Rule 23(a)(1) is satisfied.

    b. The Court finds that Named Plaintiffs have adequately alleged that the same defects affected all of the HWS owned by the proposed Class Members that were manufactured by Defendant between January 1, 2005, and November 1, 2016, and sold to consumers. Accordingly, the requirement of commonality under Rule 23(a)(2) is satisfied.

    c. The Court finds that Named Plaintiffs have adequately alleged that the HWS they purchased suffered from the same defects that they allege affect the HWS purchased by the proposed Class Members. Accordingly, the requirement of typicality under Rule 23(a)(3) is satisfied.

    d. The Court finds that Named Plaintiffs have retained counsel competent in the prosecution of class actions and do not have any conflicts with the class they seek to represent. Accordingly, the requirement of adequacy under Rule 23(a)(4) is satisfied.

    e. The Court finds that Named Plaintiffs have adequately alleged a common

course of conduct was responsible for the manufacture and sale of defective HWS. Whether the HWS suffer from these defects and whether Defendant engaged in deceptive marketing practices are the central issues driving this litigation and predominate over merely individual issues. Accordingly, the requirement of predominance under Rule 23(b)(3) is satisfied.

f. The Court finds that Named Plaintiffs have adequately alleged that the HWS sell for hundreds of dollars, however, it is unlikely that purchasers would file individual lawsuits for such relatively small sums; and even if they did, the issue of the HWS defects is more efficiently addressed in a class proceeding rather than many separate actions. Accordingly, the requirement of superiority under Rule 23(b) is satisfied.

4. The Court conditionally certifies a Class consisting of:

> All United States residents who are the current owner of one or more Qualifying Holographic Weapon Sights that were manufactured between January 1, 2005 and November 1, 2016, and purchased for personal use on or before the Preliminary Approval Order Date or who previously returned one of these HWS models to EOTech and received a refund. Specifically excluded from the Class are Defendant and any of Defendant's subsidiaries, divisions, affiliates, officers, employees and directors, as well as any assigned judges, and members of their families within the first degree of consanguinity, all members of the Court's staff, Plaintiffs' lawyers in this lawsuit; all Governmental Entities and residents of one of the U.S. territories.

5. The Court grants the request of the Sultzer Law Group to join the leadership group. The Court appoints Dollar, Burns & Becker, L.C.; Douglas Haun & Heidemann, P.C.; Walsh, L.L.C.; The Sultzer Law Group, P.C.; Faruqi & Faruqi, L.L.P.; and The Miller Law Firm, P.C. as Class Counsel in accordance with Federal Rules of Civil Procedure 23(g). The Court appoints the Named Plaintiffs as Class Representatives.

4

6. Class Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

7. The Court preliminarily approves the Settlement of the Action as set forth in the submissions in support of preliminary approval, including the Settlement Agreement and the Notice. The Court finds that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class and preliminarily approves the Settlement. This determination is not a final finding, but a determination that the proposed Settlement is preliminarily acceptable, that it should be submitted to the Class Members and that a Final Approval or Fairness Hearing should be held to consider the fairness, reasonableness and adequacy of the proposed Settlement.

8. The Court has reviewed the submissions of Plaintiffs regarding notice, including the Declaration of Jeanne Finegan, the President and Chief Media Officer of HF Media, LLC, a division of Heffler Claims Group, and appoints the Heffler Claims Group as Claims Administrator and approves:

    a. the Publication Notice, and directs that notice in substantially similar form be published and disseminated in accordance with the provisions of the Settlement Agreement;

    b. the Class Notice, and directs that notice in substantially similar form be published and disseminated in accordance with the provisions of the Settlement Agreement;

    c. the Claim Form, and directs that the Claim Form be available in a

5

substantially similar form through the Settlement Website or otherwise from the Claims or as provided in Paragraph II A2 of the Settlement Agreement;

d.  the proposed method for dissemination of notice through print publication and internet publication as described in the Finegan Declaration, and Orders its execution by the Claims Administrator as supervised by Class Counsel. Notice shall commence no later than seven (7) days after entry of the Preliminary Approval Order.  The "Notice Deadline" is the date the Class Notice is initiated in accordance with the Notice Program;

e.  the Claim Deadline, which is the date by which a Claim Form must be submitted electronically or postmarked to be considered timely and shall be a date no later than sixty (60) days after the Notice Deadline at 11:59 p.m. Eastern Standard Time.

f.  the creation of the Settlement Website, as defined in the Settlement Agreement, that shall include downloadable copies of the Stipulation of Settlement, Class Notice, this Order, all papers submitted for preliminary Approval and any other documents that Class Counsel believes relevant to the notice and claims process.  The Settlement Website shall be maintained in accordance with the provisions of the Settlement Agreement.

9.  Named Plaintiffs and L3 have presented to the Court a proposed form of Notice, appended to the Settlement Agreement as Exhibit B.  The Court finds that such Notice fairly and adequately: (i) describes the terms and effect of the Settlement and the Plan of Allocation; (ii) notifies the Class of the amounts that Plaintiffs' Counsel will seek in attorneys' fees and litigation expenses, and the amounts requested in service awards for each of the Named Plaintiffs

6

for their service in such capacity; (iii) gives notice to the Class of the time and place of the Final Approval Hearing; (iv) describes how Class Members may object to all or any aspect of the Settlement and (v) how Class Members may opt out of the Settlement.

10.     The Court finds that the form, content and method of distribution of notice (i) are the best practicable notice, (ii) reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement, (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meet all requirements of applicable law, and (e) fully satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

11.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Final Approval Hearing"), which is to be held at least 90 days after the Claims Administrator serves Notice to the states, shall be held on_____ at ____, the Honorable Brian C. Wimes presiding, in the United States District Court for the Western District of Missouri, Courtroom 7D, 400 East 9th Street, Kansas City, Missouri 64106 to:

> a. determine whether the Settlement should be granted final approval by the Court as fair, reasonable and adequate, and in the best interests of the Class;
>
> b. ddetermine whether the Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action against L3 with prejudice, extinguishing and releasing all Settled Claims as set forth in the Settlement Agreement, and barring claims as set forth in and subject to the Settlement Agreement;
>
> c. determine whether the Class preliminarily certified for purposes of

7

effectuating the Settlement should be finally certified pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

d.  determine whether the applications for attorneys' fees, litigation expenses, and Service Awards to the Named Plaintiffs are fair and reasonable and should be approved; and

e.  rule on such other matters as the Court may deem appropriate.

12.     The Court reserves the right to adjourn the Final Approval Hearing or any aspect thereof, including the consideration for the application for attorneys' fees and reimbursement of expenses, without further notice to the Class.

13.     The Court reserves the right to approve the Settlement at or after the Final Approval Hearing without further notice to the Class.

14.     The Claims Administrator must file proof of dissemination of notice and proof of maintenance of the Settlement Website at or before the Final Approval Hearing.

15.     Any Class Member who wishes to exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion postmarked no later than 60 days after the Notice Deadline and that otherwise conforms with the requirements described in the Notice, or as the Court may otherwise direct, to the Claims Administrator and the parties at the addresses on the Notice.

16.     Any Class Member who is not an opt-out who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement, to the proposed award of attorneys' fees and expenses, or to the request for Service Awards for the Named Plaintiffs, may file an objection no later than 60 days after the Notice Deadline.  An objector must file with the Court and serve upon counsel listed below: (i) written notice containing of

8

objection including (a) the objector's full name, address, telephone number, and email address; (b) documents or information required on the Claim Form and sufficient to identify the objector as a Class Member; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection, if any; and (e) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, if any (along with documentation setting forth such representation). Such submissions shall be served on the Court and counsel as set forth in the notice.

   **To The Court:**

   **Clerk of the Court**
   United States District Court for the Western District of Missouri
   Charles Evans Whittaker Courthouse, 1st Floor, Room 1510
   400 East 9th Street,
   Kansas City, Missouri 64106
   Re: *Andrew Tyler Foster, et al. v. L-3 Communications EOTech Inc., et al.*,
   Case No. 6:15-cv-03519-BCW

   **Class Counsel:**
   Tim Dollar
   Dollar Burns & Becker, L.C.
   1100 Main Street, Suite 2600
   Kansas City, MO 64105

   **L3 Class Counsel**
   Richard C. Godfrey, P.C.
   ATTN: EOTech HWS Settlement
   Kirkland & Ellis LLP
   300 N. LaSalle
   Chicago, IL 60654

   If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must also effect service of a notice of appearance on counsel listed above and file it with the Court no later than 60 days after the Notice Deadline. Any member of the Class or other person who does not timely file and serve a

9

written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

17. Any objector who files and serves a timely, written objection may also appear at the Final Approval Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must comply with the Local Rules of this Court and must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and L3's Counsel (at the addresses set out above) and file it with the Court Clerk at least 60 days after the Notice Deadline. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown.

18. Class Counsel shall file their Final Approval Motion, on behalf of Plaintiffs' Counsel, and their request for approval of the Plan of Allocation, petition for attorneys' fees, Service Awards and reimbursement of expenses at least thirty-five (35) calendar days prior to the Final Approval Hearing. Class Counsel shall also post their Final Approval Motion, and their request for approval of the Plan of Allocation, petition for attorneys' fees, Service Awards and reimbursement of expenses on the dedicated website for this Action as soon thereafter as possible. Named Plaintiffs and/or L3 shall file any reply or response to any objection at least seven (7) calendar days prior to the Final Approval Hearing.

19. The Claims Administrator, L3's Counsel, and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20.     Class Counsel shall provide a list of Class Members who have opted out of the Class to the Court no later than seven (7) calendar days prior to the Final Approval Hearing. The Claims Administrator shall furnish a declaration attesting to the accuracy and completeness of the list.

21.     Counsel for Defendant shall ensure that the Claims Administrator (or other designee) provides proper notice of the prosed Settlement to all appropriate government officials, as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

22.     If this Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement or otherwise does not become final for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect, except that any obligations or provisions relating to payment of costs and expenses incurred in connection with notice and claims administration, and any other obligation or provision that is expressly designated in the Settlement Agreement to survive termination of the Settlement, shall survive.

23.     All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Named Plaintiffs and all members of the Class are barred, enjoined, and restrained from commending, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any L3 Releasee.

24.     The Settlement Agreement, whether or not consummated, and the negotiations thereof and any related communications made, proceedings taken, or orders entered pursuant

11

thereto, is not admissible as evidence for any purpose against L3, Named Plaintiffs or Class Members in any pending or future litigation involving any of the parties. This Order shall not be construed or used as an admission, concession, or declaration by or against L3 of any fault, wrongdoing, breach or liability and L3 specifically denies any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she or it may have in the event that the Settlement is terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have bee, or in the future might be asserted.

25.     The Court hereby retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the releases provided for in the Settlement Agreement.

26.     The Parties may make any ministerial changes to documents to comport with the Settlement Agreement and this Order.

27.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further written notice.

28.     Class Counsel and Defense Counsel shall file a proposed final Order approving

Case 6:15-cv-03519-BCW   Document 122-7   Filed 02/13/17   Page 12 of 13

the Settlement and Class Counsel's application for Attorneys' Fees and Costs and Incentive Awards for Class Representatives, no later than seven (7) days before the Final Approval Hearing.

29.     All pretrial proceedings in the Action are stayed and suspended until further notice of this Court.


SO ORDERED this ___ day of _____ 2017


_____
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Case 6:15-cv-03519-BCW   Document 122-7   Filed 02/13/17   Page 13 of 13