1          IN THE UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF MISSOURI
2                WESTERN DIVISION

3

4    ANDREW TYLER FOSTER, ET AL,    )
                        )
5             Plaintiff,       ) No.  6:15-CV-03519-BCW
                        )     February 6, 2017
6             v.               )     Kansas City, Missouri
                        )     CIVIL
7    L-3 COMMUNICATIONS EOTECH,     )
                        )
8             Defendant.       )

9

10         TRANSCRIPT OF TELEPHONE CONFERENCE
       BEFORE THE HONORABLE BRIAN C. WIMES
11           UNITED STATES DISTRICT JUDGE

12

13

   Proceedings recorded by electronic voice writing
14         Transcript produced by computer

15

16

17

18

19

20

21

22

23

24

25

```
 1                    APPEARING BY TELEPHONE

 2   For Plaintiffs:      MR. TIM DOLLAR
                          Dollar, Burns & Becker
 3                        1100 Main Street
                          Suite 2600
 4                        Kansas City, Missouri  64105

 5                        MR. CRAIG R. HEIDEMANN
                          MR. NATHAN A. DUNCAN
 6                        Douglas, Haun & Heidemann - Boliver
                          111 W. Broadway
 7                        P.O. Box 117
                          Boliver, Missouri  65613
 8
                          MS. INNESSA MELAMED
 9                        MR. NADEEM FARUQI
                          MR. ADAM GONNELLI
10                        Faruqi & Faruqi, LLP
                          685 Third Avenue
11                        26th Floor
                          New York, NY  10017-6531
12
                          MR. BONNER WALSH
13                        Walsh LLC
                          P.O. Box 7
14                        Bly, OR  97622

15                        MS. SHARON ALMONRODE
                          The Miller Law Firm, P.C.
16                        950 W. University Drive
                          Suite 300
17                        Rochester, MI  48307

18
     For the Defense:     MR. JOSEPH REBEIN
19                        Shook, Hardy & Bacon, LLP-KCMO
                          2555 Grand Boulevard
20                        Kansas City, Missouri  64108

21                        MR. RICHARD C. GODFREY
                          Kirkland & Ellis - Chicago
22                        300 N. LaSalle Street
                          Chicago, IL  60654
23

24

25
```

1                    <u>February 6, 2017</u>

2           (Proceedings began at 10:30 AM)

3           THE COURT:  Good morning, Counsel.

4           MR. DOLLAR:  Good morning.

5           MR. GODFREY:  Good morning, Your Honor.

6           THE COURT:  I know you all have given your names to

7   my law clerk, who is on the call.  I won't go through all the

8   names again, they are already on the record.

9           Let me ask -- I know I was going to have a status or

10  an update conference was the purpose of today's conference

11  call so.

12          Let me go to, Mr. Dollar?

13          MR. DOLLAR:  Yes, Your Honor.  If I could just go

14  ahead and leadoff?  I am prepared to do so.

15          THE COURT:  Yep, that is fine.

16          MR. DOLLAR:  Okay.

17          First thing, we appreciate the Court today indulging

18  us to moving the previous scheduled conference until today.

19          The parties felt that was important because we had

20  reached a settlement some time ago based upon numerous

21  meetings in various places in New York and Washington DC.  But

22  as the Court knows there are complicated issues surrounding

23  the settlement, and we needed to get together one final time

24  in an effort to close the loops on some substantive issues and

25  some non-substantive issues.

1          I'm pleased to report that as a result of that

2    meeting last week in Washington DC, the parties now believe

3    that we have reached a settlement.  We came away from that

4    meeting with the broad outline of a written agreement that has

5    now been circulated back and forth many, many times since that

6    date.  But I believe after my phone call with Mr. Dwelkotte,

7    who could not make the call this morning, but we talked this

8    morning just before the call, I believe that we are -- I'll

9    call it within an eyelash of having a final settlement

10   agreement.

11          That will then result in a joint motion that I

12   expect to be filed within a day or two asking the Court for

13   preliminary approval of our settlement, which the Court knows

14   is required.

15          So the parties have a joint motion, we have an

16   agreement, and we are submitting with that proposed

17   preliminary motion a proposed order for your review.

18          I would add to all of that discussion and invite

19   Mr. Godfrey to comment, that one of the issues that caused us

20   the most difficulty in reaching final agreement was the

21   timeframe of the notice plaintiffs had an interest of making

22   sure that was in line with what we believed would stand

23   scrutiny.  There are issues that are internal to the company

24   and unrelated to the litigation that require that period start

25   and end rather quickly.

1          And in therefore, we had to come up with a way to

2     get before you our motion for preliminary approval.  Get,

3     hopefully, an order signed by you since it is unopposed and it

4     is joint.  So that the media buy could start very quickly.

5     We've reached an agreement on that, and that's why we expect

6     to have the motion before you within a day or two.  And we

7     would hope -- obviously, the Court has to review it and has to

8     make its own decision, but our hope is that we could get that

9     order signed maybe as soon as Thursday or at the latest Friday

10    this week, so that it would fit within the timeframe of the

11    company's internal needs to begin a media buy and notice.  So

12    that was an integral part of the substantive part of our

13    agreement.

14          With that in mind, I think everyone is on the same

15    page and prepared to more forward as I've outlined.  And I'll

16    invite Mr. Godfrey to disagree or respond in anyway he thinks

17    appropriate.

18          THE COURT:  Mr. Godfrey?

19          MR. GODFREY:  Yes, good morning, Your Honor.  I

20    think that Mr. Dollar has outlined very well where the parties

21    intend and hope to be able to deal within a day or so.  So I

22    don't have anything to add to what he has covered this

23    morning.

24          THE COURT:  Great.  If parties agree then I tend to

25    go with the parties.  If there's a sensitivity to time and

 1  Thursday being it, you know, obviously, the sooner you can get

 2  that joint agreement filed, the quicker we can take a peek.

 3  But if there's a timeline -- I don't need to know necessarily

 4  what the internal things are.  You know, but if the parties

 5  agree, I will certainly try and accommodate so we can reach

 6  that goal.

 7          Let me ask this question, what is the notice, the

 8  timing of the notice?  Because once the Court approves a

 9  preliminary, you have to send out notice.  What is that --

10  I've done these, but I'm trying to scratch my head.  How long

11  typically the Court gives?

12          MR. DOLLAR:  Well, so that was part of our

13  negotiated resolution here, Your Honor.  And so somebody can

14  correct me if I am wrong, but the ultimate agreement calls for

15  60 days.  So there is a 30 day media buy, and anyone can file

16  a claim within that 30 day media buy, but at the close of that

17  media buy they would have an additional 30 days.

18          And that is at least within the framework of what I

19  understand are the federal guidelines, and within the

20  framework of what other cases had reasonably approved.

21          Certainly there are claim periods that are longer.

22  But this was the agreement that we reached and fits within

23  those guidelines.

24          Does anyone disagree?

25          MR. GODFREY:  No.  This is Rick Godfrey.  I think

1   that that is correct.

2           THE COURT:  Okay.  Well, that's good.  I can tell

3   you from my perspective, you know, just as soon as we get it

4   filed, whether it is tomorrow or the next day, then I'll make

5   sure I'll take a look.  Since I know it is time sensitive to

6   Thursday or Friday, more than likely I will do it Thursday.

7   Yeah, but the quicker you can get that filed with the Court,

8   the quicker we can take a peek at it to make sure.

9           If, for any reason, I had any questions, I would get

10  you guys on the phone quickly, but I don't think anything

11  would prevent the Court from signing off after I take a look

12  on Thursday and at the very latest Friday.

13          MR. DOLLAR:  All right, Your Honor.  Thank you very

14  much.

15          MR. GODFREY:  Very good, Your Honor.  Thank you.

16          THE COURT:  I think that has covered it all.  I will

17  be waiting for your filing.

18          If there is nothing further I appreciate you all

19  getting on the phone and we will talk soon, I'm sure.

20          MR. DOLLAR:  Thank you.

21          MR. GODFREY:  Thank you.

22  (THEREUPON, the following proceedings were adjourned.)

23

24

25

1                     CERTIFICATE

2

3        I certify that the foregoing is a correct transcript

4   from the record of the proceedings in the above-entitled

5   matter.

6

         February 17, 2017
7

8                         /s/ Denise C. Halasey
                          Denise C. Halasey, CCR, CVR-CM
9                         United States Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                Denise Carroll Halasey CCR, CVR-CM