```
 1              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF MISSOURI
 2                       WESTERN DIVISION

 3


 4   ANDREW TYLER FOSTER, ET AL,    )
                                    )
 5             Plaintiff,           ) No.  6:15-CV-03519-BCW
                                    )      February 14, 2017
 6             v.                   )      Kansas City, Missouri
                                    )      CIVIL
 7   L-3 COMMUNICATIONS EOTECH,     )
                                    )
 8             Defendant.           )

 9


10          TRANSCRIPT OF TELEPHONE CONFERENCE
             BEFORE THE HONORABLE BRIAN C. WIMES
11               UNITED STATES DISTRICT JUDGE

12


13
        Proceedings recorded by electronic voice writing
14            Transcript produced by computer

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              APPEARING BY TELEPHONE

 2   For Plaintiffs:      MR. TIM DOLLAR
                          Dollar, Burns & Becker
 3                        1100 Main Street
                          Suite 2600
 4                        Kansas City, Missouri  64105

 5                        MR. CRAIG R. HEIDEMANN
                          MR. NATHAN A. DUNCAN
 6                        Douglas, Haun & Heidemann - Boliver
                          111 W. Broadway
 7                        P.O. Box 117
                          Boliver, Missouri  65613
 8
                          MS. INNESSA MELAMED
 9                        MR. NADEEM FARUQI
                          MR. ADAM GONNELLI
10                        Faruqi & Faruqi, LLP
                          685 Third Avenue
11                        26th Floor
                          New York, NY  10017-6531
12
                          MR. BONNER WALSH
13                        Walsh LLC
                          P.O. Box 7
14                        Bly, OR  97622

15                        MS. SHARON ALMONRODE
                          The Miller Law Firm, P.C.
16                        950 W. University Drive
                          Suite 300
17                        Rochester, MI  48307

18
     For the Defense:     MR. JOSEPH REBEIN
19                        Shook, Hardy & Bacon, LLP-KCMO
                          2555 Grand Boulevard
20                        Kansas City, Missouri  64108

21                        MR. RICHARD C. GODFREY
                          Kirkland & Ellis - Chicago
22                        300 N. LaSalle Street
                          Chicago, IL  60654
23

24

25

              Denise Carroll Halasey CCR, CVR-CM
```

1                    February 14, 2017

2              (Proceedings began at 10:04 AM)

3              THE COURT:  Good morning, Counsel.  I understand --

4  I know my law clerk has taken down who is on this call.

5              I guess I will let you all start because you all

6  asked me to get on the conference call.  So whoever it is that

7  wants to start.  Mr. Dollar, is on?

8              MR. DOLLAR:  I am.

9              THE COURT:  Yes.

10             MR. DOLLAR:  Your Honor, I am happy to start off and

11  let other people weigh in if the Court is okay with that?

12             THE COURT:  Sure.

13             MR. DOLLAR:  Thank you for getting on the call with

14  us.

15             As you know this is a follow up to a conference, a

16  status conference we had a short time ago.  And all of the

17  parties expressed to you at that time our interest in filing

18  our motion for preliminary approval and getting a ruling as

19  quickly as possible, which the Court was comfortable with.  We

20  had a few issues that we had to address, which we did.  And we

21  have now filed our motion for preliminary approval.

22             We submitted with that a proposed order and I guess

23  more recently there was one correction that we submitted to

24  you.

25             So we wanted to, in keeping with your practice, jump

1    on the phone with you briefly and make sure of a couple of

2    things.

3              No. 1, that we let you know that in the proposed

4    order we set forth various timeframes with all of the various

5    filings that need to occur in connection with this settlement.

6    Our intent is that when the actual notice goes out, assuming

7    you approve this, that those notices will have the actual

8    date.  We will do the math for these folks and put the

9    deadlines in conformance with the timeframes that we have set

10   out with the proposed order.  So there will be no

11   miscommunication or misunderstanding about that.  When we do

12   that our best calculation which also leads to -- which we have

13   left blank in the proposed order, is that you need to set a

14   date for a final approval or fairness hearing.  And my our

15   calculation that date can no be sooner than June 20.  No

16   sooner than June 20.  But we would like, in accordance with

17   whatever the Court could make available, a date shortly

18   thereafter something that we will work for the Court as well

19   as the parties.  So that was the second thing we wanted to

20   apprise you of.

21             And, third, we wanted to make sure in light of the

22   fact that we -- we wanted to make sure that you have enough

23   time to look at it, and we wanted to make sure that all

24   counsel make themselves available to the Court to answer any

25   questions that -- or concerns that you might have with the

1    settlement.  So.

2            That's those are my -- that's my overview of it.

3    I'll advise Mr. Godfrey if he has anything to add.

4            MR. GODFREY:  Good morning, Your Honor.  This is

5    Richard Godfrey on behalf of the defendant.

6            THE COURT:  Good morning.

7            MR. GODFREY:  We very much appreciate you taking the

8    time this morning to address this issue.  The plaintiffs have

9    filed a motion for unopposed approval of class certification,

10   as well as approval preliminarily of the settlement agreement.

11           L-3's position is that the settlement agreement is

12   fair, reasonable and adequate.  There is a timing issue here

13   which Mr. Dollar alerted you I think to during our last status

14   conference.  In which where I can confirm because of media

15   buys and because of the notice program we need to have

16   approval as soon as possible.

17           It would be ideal for today, but certainly we

18   understand, the Judge, Your Honor, may have questions and we

19   understand how that works, but I think we -- I wanted to

20   remind Your Honor that we had this discussion a week and a

21   half ago in terms of the sensitivity on timing here.

22           Unless the Court has any questions of me, I think

23   the papers have been filed, Mr Dollar filed a corrected draft

24   order for Your Honor,'s consideration.  And I have nothing

25   further to add unless the Court has questions of me?

THE COURT:  Yeah, I've got a couple.  I haven't the opportunity at this time to see the proposed order.  I know it has been filed, and I know there was an e-mail sent with terms of the correction.  I guess my first question is this:  Last week when we got on the phone, you're like, hey, Judge, review it.  We need to take a look.  Hopefully you can get it signed by Thursday, if not by Friday.  I was like fine.  So now, we on Tuesday, hey, Judge, and I understand the sensitivity of it, but with that said, my question probably would be why didn't I get it last week?  Yes, I will review it, and I'll review it as quickly today, I'm just not sure that I can get it reviewed today just in light of my schedule.

My second question would be this:  Because I was -- it was you all's hope that I would sign this either Thursday or Friday of last week.  You said, hey, Judge, that's time sensitive because we have built in these certain amount of days.  Am I to assume -- and I haven't read it yet, now, we somehow subtract the days that it's taken for me to sign this?

I guess my comfort level would be this, the 60 days.  I think we had factored in 60 days.  Am I incorrect?  From the date of signing which in you all's mind would've been 60 or so would've been last Thursday or Friday.  So now are we losing those days in terms of notice?

MR. DOLLAR:  No.  No, Your Honor.  And I think I can address and Mr. Godfrey can add to it.  But you are correct

1    that our hope was last week.  I want to be candid with the

2    Court in that there were some issues that popped up in the

3    drafting of the language that turned out to be more

4    substantive that we had anticipated, and it took us a few days

5    unanticipated, to get those issues worked out.

6            In the meantime as part of an accommodation to get

7    those issues worked out, L-3 was able to contact their media

8    person and get accommodation from their media outlets to a

9    short extension of what we had otherwise anticipated was sort

10   of drop-dead date.  We have now accomplished that.  So both

11   things were accomplished.  We've worked through the issues and

12   got an extension on the notice.

13           THE COURT:  What is the short extension?  Because

14   I'm sure their short extension impacts me.  Because, you're

15   saying, well, Judge, their short extension -- lets say it was

16   two days.  So I need you to sign it today.  I mean, so I know

17   it only doesn't impact you all, but it impacts the Court.  So

18   I guess my question would be what's the short extension that

19   they have?  Because the drop-dead date was Thursday or Friday.

20   Now, we have a new drop-dead date.  I guess, in the end,

21   bottom line, what is the drop-dead date that you would like me

22   to do this?  What is the drop-dead date?

23           MR. DOLLAR:  I'll let Mr. Godfrey address that.

24           I will say this, that the anticipation is that all

25   the noticed time frames remain the same, the extension was

1  with respect to the need to get the media buys.  My

2  understanding from talking to Jay this morning, is we do not,

3  there is not a rush for today.  We have until tomorrow for

4  sure and maybe longer, but I will let Rick address that.

5          MR. GODFREY:  Thank you, Mr. Dollar.

6          Your Honor, Mr. Dollar has described I think

7  correctly what transpired.  The parties have worked very hard

8  in the last six days to finalize it.  It took a little more

9  work than we anticipated and we regret that, but we did not

10  anticipate that at the time we had our last hearing.

11          We would ideally -- if the Court cannot get to it

12  today, we need this tomorrow.  Possibly we can get it -- if we

13  have an order of approval no later than Thursday morning

14  around noon.  But we got -- I'm told that we don't have any

15  more flexibility with the media buys after that point in time.

16  So tomorrow is really the kind of stretch.

17          But obviously, it's your schedule, Your Honor, we

18  understand that.  I'm trying to be as candid as I can based on

19  my understanding of the media buy cycles in terms of what the

20  timing is.  And if Your Honor, says I don't have time today,

21  we understand that.  But we would very much appreciate it if

22  it could be tomorrow.  And like I said there might be a little

23  time with Thursday morning, but that's really pushing it, I

24  think, and I'm not really 100 percent about that.

25          THE COURT:  Okay.  And I appreciate your candor with

1   respect to this.  And so, you know, I anticipate I can get it

2   out during this time period.  I guess, you know, always --

3   well, I'll just leave that alone.  I'll work hard.

4         If for some reason, I can't or I need to get parties

5   on the phone to ask questions, I will.  I just haven't had the

6   opportunity to look at this.  I will make every effort to be

7   able to do that tomorrow.  Probably can be able to do that.

8   But I will ask counsel to hopefully make themselves available

9   if I have any questions.

10         I think my ultimate concern was just the timeframe

11   that we are talking, and if the media buy is still for the

12   timeframe I'm fine with that, the 60 days.  And that these

13   four days or five days that you all are working out kind of

14   the final, the final agreements didn't impact those 60 days,

15   then I should be fine with that.  And I think anything else --

16   if I have a question I'll make sure to get you guys on the

17   phone so we can try and iron them out so I can get this

18   reviewed and approved by tomorrow.

19         MR. GODFREY:  Thank you, Your Honor.  On behalf of

20   L-3 EOTech we really appreciate it.  I'll make myself

21   available anytime day or night tomorrow.

22         THE COURT:  Okay.

23         MR. GODFREY:  I will say on Thursday morning I'm on

24   a flight to South Carolina, but I land at 11:30.  So if for

25   some reason you have a question on Thursday morning, I'll

```
 1   figure out to cover.

 2            THE COURT:  You know, hopefully we'll be able to get

 3   something.  If I have questions it will be tomorrow.  I will

 4   just reprioritize a few things and make sure I get to it so I

 5   can see it.  If I have questions, fine, if not, you'll see

 6   when I approve the proposed agreement, settlement.

 7            MR. GODFREY:  Thank you so much, Your Honor.

 8            THE COURT:  Okay.  I appreciate you all getting on

 9   the phone and your candor and hopefully I can get this out

10   tomorrow.

11            MR. DOLLAR:  Thank you, Your Honor.

12            MR. GODFREY:  Thank you, again.

13            THE COURT:  Thank you.

14

15   (THEREUPON, the following proceedings were adjourned.)

16

17                      CERTIFICATE

18

19            I certify that the foregoing is a correct transcript

20   from the record of the proceedings in the above-entitled

21   matter.

22
            February 17, 2017
23

24                      /s/ Denise C. Halasey
                        Denise C. Halasey, CCR, CVR-CM
25                      United States Court Reporter
```

Denise Carroll Halasey CCR, CVR-CM