**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| ANDREW TYLER FOSTER, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> L-3 COMMUNICATIONS EOTECH, INC. et al, <br><br> Defendants. | Case No.6:15-cv-03519-BCW <br><br> Consolidated with: <br><br> Case No. 4:16-cv-00095-BCW <br> Case No. 6:16-cv-03109-BCW <br> Case No. 4:16-cv-00438-BCW <br> Case No. 4:16-cv-00439-BCW <br><br> Hon. Brian C. Wimes |

## DECLARATION OF RODNEY A. MAX

I, Rodney A. Max, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Rodney A. Max. I am over the age of 18 and I am competent to give testimony. The statements contained in this declaration are based upon my own personal knowledge and are true and correct.

**I. BACKGROUND AND EXPERIENCE**

2. I graduated in 1975 *cum laude* from the Cumberland School of Law. Upon graduation, I became licensed to practice law in the state of Alabama (1975) and the state of Florida (1976). I am currently a member of Upchurch, Watson, White & Max Mediation Group, Inc.

3. Since 1992, my practice has focused exclusively on alternative dispute resolution, with an emphasis on mediation.

4. I have national mediation experience and have mediated in 32 states and the District of Columbia. I have been selected to conduct mediations by leading plaintiffs' attorneys, defense counsel and in-house counsel for national and international manufacturers, distributors, transporters, insurers and service provider companies and have been appointed by federal and state

judges from coast to coast.

5. I have mediated cases involving consumer fraud, wrongful death and personal injury, breach of contract, bad faith, securities (NASD), antitrust, patent and trademark, Lanham Act, construction, property, environmental, fraud and suppression, banking, estate and trusts, stockholder disputes, partnership disputes and derivative claims. I have mediated numerous national and statewide class actions as well as numerous mass tort, contract and statutory warranty cases. I have convened parties for mediation before suits have been filed, as well as mediated cases on appeal.

6. Over the course of my career, I have conducted well over 5,000 mediations involving over 10,000 cases.

7. I am a past President of the American College of Civil Trial Mediators. Additionally, I am a member of the Alabama Center of Dispute Resolution, the Florida Academy of Professional Mediators and the Dispute Resolution Section of the American Bar Association.

8. I have played a major role in establishing rules, standards and ethics for mediators. I initiated the Mediation Process and Practice Program at Cumberland School of Law as an adjunct professor from 1997-2002. Additionally, I have lectured at CLE seminars for attorneys or those who have sought training on mediation at the following courses:

- American College of Attorney Mediators - Multi Party Mediation, The Business of Mediation;
- American Bar Association Dispute Resolution Section – Multi Party Mediation, Ethics of Mediation, The Business of Mediation;
- New Jersey Bar Association - The Practice of Mediation;
- Alabama Bar Association - Multi Party Mediation; Mediation Dissected;
- Florida Academy of Civil Trial Mediators- Opening Statements;
- University of Florida - Designing The Mediation; and
- The International Academy of Mediators- Ethics of Mediation.

9. I have also published a number of articles. The following abridged list is a sampling: *Mediation Comes of Age,* published in *The American Journal of Trial Advocacy,*

Volume 23, Issue 3 (Spring 2000); *Multiparty Mediation,* published in *The American Journal of Trial Advocacy,* Volume 23, Issue 2 (Fall 1999); *Designing The Mediation,* presented at professional seminars; *The Ethical Civil Trial Mediator, The Letter, The Spirit and The Practice,* presented at professional seminars; and *Mediation: The Humanization of the Justice System,* presented at professional seminars.

## II. FAMILIARITY WITH THE PRESENT LITIGATION

10. I was retained by counsel for the parties in this matter for the specific purpose of mediating the case and to assist in reaching a global resolution, if possible. In my capacity as mediator, I consider myself to be a neutral, representing neither plaintiff nor defendant.

11. I was retained to mediate this matter in July of 2016. In preparing for the mediation, I asked that the parties provide me with a variety of information about the lawsuit. I received and reviewed extensive written submissions from both parties. Additionally, I had pre-mediation discussions with all parties to learn more about the facts giving rise to the dispute, the procedural background of the lawsuit, and the positions of the parties. The purpose of these initial conferences was to organize the parties' efforts to fully resolve this matter. Thereafter, I scheduled and participated in a series of pre-mediation conferences during June and July of 2016. I reviewed selected court filings from the case before the mediation session, and through this review and my conversations with counsel, I became intimately familiar with the nature of the claims and defenses asserted in this case.

## III. THE MEDIATED SETTLEMENT NEGOTIATIONS

12. The proposed settlement is the product of lengthy and particularly hard-fought negotiations which took place on an ongoing basis from July 2016 through February 2017.

13. The caliber of the representation of both sides was extraordinary in my experience.

14. The mediation consisted of multiple telephonic sessions among myself and counsel for the plaintiffs and defendants, as well as in person formal mediation sessions on August 12, 2016, September 9, 2016, September 24, 2016, and February 1, 2017, in New York, St. Louis, Virginia, and Washington, D.C. In addition, I facilitated extensive discussions between the parties during this period.

15. Prior to the mediation sessions, the parties exchanged discovery and data critical to plaintiffs' claims and the settlement negotiations. The parties reached an agreement in principle on relief to the Class by November 2017.

16. Nonetheless, extensive and often contentious negotiations on the Settlement Agreement, notice to the class, claims administration procedures and eventually attorneys' fees, expenses and service awards to the named plaintiffs continued after the parties reached an agreement in principle on class relief. The final Stipulation and Settlement Agreement was executed in February 2017.

17. These negotiations were difficult, and at times frustrating, for the parties and their counsel. The mediation conferences involved discussions with all counsel, including sessions with each side, bilateral discussions with counsel, and *ex parte* discussions with the parties concerning their various positions. The discussions allowed the parties to express their respective views of the strengths and weaknesses of the respective positions in the case.

18. I never witnessed or sensed any collusiveness between the parties. To the contrary, at each point during these negotiations, the settlement process was conducted at arm's-length and, while professionally conducted, was quite adversarial.

19. The relief for class members was the focus of the vast majority of the settlement negotiations. The provisions of the settlement providing for payment of attorneys' fees and service

awards to the Named Plaintiffs were negotiated only after the parties had agreed on the substantive relief to class members. There were no discussions of attorneys' fees, costs, or service awards until the substantive terms of the settlement were negotiated and resolved.

20. The settlement negotiations culminated in an agreement intended to reasonably and adequately benefit the class taking into account the totality of the circumstances of the case. Further, counsel and the parties were ethically mindful of their obligations throughout the process which concluded in a comprehensive resolution that took into consideration the merits of all claims and defenses.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Executed this 17th day of May, 2017.

_____
Rodney A. Max

6