IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW TYLER FOSTER, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> L-3 COMMUNICATIONS EOTECH, INC. et al, <br><br> Defendants. | Case No.6:15-cv-03519-BCW <br><br> Consolidated with: <br><br> Case No. 4:16-cv-00095-BCW <br> Case No. 6:16-cv-03109-BCW <br> Case No. 4:16-cv-00438-BCW <br> Case No. 4:16-cv-00439-BCW <br><br> Hon. Brian C. Wimes |

### DECLARATION OF NADEEM FARUQI IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF FARUQI & FARUQI, LLP

I, Nadeem Faruqi, declare as follows:

1. I am the managing partner of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm"). I submit this declaration in support of Plaintiffs' Counsel application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this consumer class action litigation, including both this consolidated matter and several of the underlying matters that led to consolidation. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2. My firm acted as one of the Co-Lead counsel in this matter. The Faruqi Firm is a national law firm with offices in New York, Pennsylvania, California, and Delaware. The Faruqi Firm's practice focuses on complex and class action litigation involving consumer, antitrust, financial, corporate governance, and securities matters. The Faruqi Firm has extensive experience in the litigation, trial, and settlement of complex class actions.

3. The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time, by category, spent by the partners, other attorneys, and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[1] Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4. The hourly rates for the partners, other attorneys, and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation.

5. As of May 5, 2017, the total number of hours expended on this litigation by my firm is 1,335.28 hours. The total lodestar based on the law firm's current rates is $713,692.00, consisting of $656,824.50 for attorneys' time and $56,867.50 for professional support staff time.

6. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7. I have general familiarity with the range of hourly rates typically charged by plaintiffs' class action counsel in New York and throughout the United States, both on a current basis and historically. From that basis, I am able to conclude that the rates charged by my firm are commensurate with those prevailing in the market for such legal services furnished in complex class action litigation, such as this.

---

[1] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

8.  As detailed in Exhibit 2, my firm has incurred a total of $29,618.37 in un-reimbursed expenses in connection with the prosecution of this litigation.

9.  The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses as charged by the vendors. Third-party expenses are not marked up. Upon request, we will provide the Court with copies of documentation for each of the costs itemized above.

10. By agreement between Plaintiffs' Counsel, my firm is not charging separately for the following costs and expenses: secretarial and clerical overtime, including their meals and local transportation; after-hours HVAC; word processing; secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

11. With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is my firm's résumé and brief biographies for the attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of May, 2017.

_____
Nadeem Faruqi

3

Case 6:15-cv-03519-BCW   Document 140   Filed 05/19/17   Page 3 of 3