IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW TYLER FOSTER, et al,<br><br>       Plaintiffs,<br><br>    vs.<br><br>L-3 COMMUNICATIONS EOTECH, INC. et al,<br><br>       Defendants. | Case No.6:15-cv-03519-BCW<br><br>Consolidated with:<br> Case No. 4:16-cv-00095-BCW<br> Case No. 6:16-cv-03109-BCW<br> Case No. 4:16-cv-00438-BCW<br> Case No. 4:16-cv-00439-BCW<br><br>Hon. Brian C. Wimes |

**SUGGESTIONS IN OPPOSITION TO FILING OF AMICUS BREIF**

Plaintiffs submit this memorandum of law in opposition to the motion by the Competitive Enterprise Institute Center for Class Action Fairness to file an amicus brief and appear at the settlement fairness hearing.

The Court has complete discretion to permit the filing of amicus briefs: "The amicus privilege rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014) (internal quotations omitted).

Amicus briefs are generally useful when they shed light on legal issues, especially novel ones. However, when an amicus argues facts, it "should rarely be welcomed." *COR Clearing, LLC v. Calissio Res. Grp., Inc.*, No. 8:15CV317, 2015 U.S. Dist. LEXIS 149025, at *4 (D. Neb. Oct. 29, 2015) (citing *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)); *see also Strasser*, 432 F.2d at 569 ("Nonetheless, we believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short

of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.").

Here, the amicus argues facts. *See* [Proposed] Brief of *Amicus Curiae* Competitive Enterprise Institute (ECF No. 142-1) at 15 n.2 (disputing the number of returns); *id.* at 16 (same); *id.* at 19 (addressing the rate of return); *id.* at 20 (discounting the MSRP of the EOTech sights); *id.* at 21-22 (discrediting the value of the Settlement returns versus the previously administered notice, calling for a net value of the refund); *id.* at 22 (disclaiming the value of the coupons for class members who have already received a refund before the Settlement); *id.* at 24 (miscalculation of value of the scopes based on depreciation rather than the retail value of the scope).

The decision whether to approval a settlement and award frees are heavily dependent on the district court's findings of fact under FRCP 23, including factual findings on the requirements of Rule 23(a) and (b) and under 23(h)(3) with respect to fees. Accordingly, Plaintiffs do not believe the filing of the proposed amicus will assist the Court in determining the fairness, reasonableness, or adequacy of the proposed settlement or the reasonableness of the attorneys' fees.

It should also be noted that the proposed filing is 106 pages. Under the appellate rules, amicus briefs may be no more than one-half the maximum length authorized by the Court's rules for a party's principal brief. *See* Fed. R. App. P. 29(a)(5). This Court has the discretion to adopt those rules. *See Rumble v. Fairview Health Servs.*, No. 14-cv-2037 (SRN/FLN), 2016 U.S. Dist. LEXIS 152945, at *4 (D. Minn. Nov. 3, 2016) (adopting appellate rules for procedure to file amicus briefs); *COR Clearing*, 2015 U.S. Dist. LEXIS 149025, at *3 (noting that "district courts often look to Federal Rule of Appellate Procedure 29 for guidance. . .").

If the Court does so here, the proposed amicus brief would be limited to half of the 15 pages permitted by Local Rule 7.0(d)(1)(A).

For the same reasons, there is no need to permit counsel from the Competitive Enterprise Institute to appear at the fairness hearing.

Should the Court permit the filing of the amicus brief, Plaintiffs will respond to its suggestions no later than June 23, 2017, one week before the fairness hearing.

Dated: June 6, 2017

Respectfully submitted,

**DOLLAR BURNS & BECKER, L.C.**

By: */s/ Tim Dollar*
Tim Dollar, Missouri Bar No. 33123
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tel: (816) 876-2600
Fax: (816) 221-8763
Email: timd@dollar-law.com

*Co-Lead Counsel and Chair of the Plaintiffs' Leadership Team*

Craig R. Heidemann
**DOUGLAS HAUN & HEIDEMANN PC**
111 W Broadway St
Bolivar, MO 65613
Tel: (417) 326-5261
Fax: (417) 326-2845
Email: cheidemann@bolivarlaw.com

Sharon S. Almonrode (admitted *pro hac vice*)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
Email: ssa@millerlawpc.com

Bonner C. Walsh (admitted *pro hac vice*)
**WALSH, LLC**
P.O. Box 7
Bly, Oregon 97622
Tel: (541) 359-2827
Fax: (866) 503-8206
Email: bonner@walshpllc.com

Adam R. Gonnelli (admitted *pro hac vice*)
**THE SULTZER LAW GROUP, P.C.**
280 Route 35, Suite 304
Red Bank, NJ 07701
Email: gonnellia@thesultzerlawgroup.com

Nadeem Faruqi (admitted *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
Email: nfaruqi@faruqilaw.com

*Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notifications of such filing to the CM/ECF participants registered to receive service in this matter.

By: */s/ Tim Dollar*
Tim Dollar

5

Case 6:15-cv-03519-BCW   Document 145   Filed 06/06/17   Page 5 of 5