# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| ANDREW TYLER FOSTER, et al, | Case No. 6:15-cv-03519-BCW |
| Plaintiffs, | Consolidated with: |
| vs. | Case No. 4:16-cv-00095-BCW<br>Case No. 6:16-cv-03109-BCW |
| L-3 COMMUNICATIONS<br>EOTECH, INC. et al, | Case No. 4:16-cv-00438-BCW<br>Case No. 4:16-cv-00439-BCW |
| Defendants. | Hon. Brian C. Wimes |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS, AWARDING ATTORNEYS' FEES AND SERVICE AWARDS, AND FINAL JUDGMENT

On the 7th day of July 2017, a fairness hearing was held before this Court to determine: (a) whether the proposed Settlement should be granted final approval as fair, reasonable, and adequate; (b) whether the proposed Class should be certified for settlement purposes; (c) whether Class Counsel's application for attorneys' fees and expenses and service awards for the Plaintiffs should be granted; and (d) whether a final judgment granting approval of the Settlement and dismissing the Action with prejudice should be entered.

Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED and ADJUDGED as follows:

1.  Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

1

3.     The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on February 15, 2017.

**Notice**

4.     Notice was published under the terms of the Preliminary Approval Order.

5.     The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the Notice given to the Settlement Class was adequate and reasonable.

6.     The Settlement Class Members received notice of: (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class.

7.     The Court also finds that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any governmental entity.

**Approval Of The Settlement**

8.   The Court grants final approval to the proposed Settlement.

9.   Factors supporting the grant of final approval to this Settlement include:

   a.   The Settlement was the product of arm's-length negotiations conducted in good faith among experienced counsel, with no evidence of collusion. The Settlement was reached after extensive negotiations including four mediation sessions.

   b.   If the case did not settle, continued litigation would be time consuming, complicated and expensive. Settlement at this stage avoids the expenditure of the Parties' and the Court's resources.

   c.   The reaction of the Class has been favorable. More than 80,000 class members have participated in the Settlement. In contrast, only three class members have opted out of the Settlement and there have been no objections.

   d.   The Parties have described to the Court the discovery and other information they have exchanged and the Court finds that each side had sufficient information to assess the strengths and weaknesses of their claims and defenses.

   e.   If the case had not settled, Plaintiffs faced considerable risks in maintaining certification of a litigation class and establishing damages. The Settlement guarantees a result for the class and eliminates these risks.

   f.   The amount of the Settlement is reasonable, adequate, and fair given the strengths and weaknesses of the case. The Court notes that under the

3

proposed Settlement, many class members will receive the full purchase price of the products they choose to return.

10.     The Court held a hearing on July 7, 2017, at which time the Parties and Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement.

11.     The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

12.     Accordingly, the Court hereby directs that the Settlement shall be implemented in accordance with the terms of the Agreement.

13.     The terms of the Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

14.     Defendants are ordered to implement the terms and conditions of the Agreement, including payment to all Settlement Class Members who have not excluded themselves from this Settlement and who submitted a timely, valid Claim pursuant to the Agreement, and fulfill all other terms in accordance with the Settlement.

**Class Certification**

15.     The Court finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

4

a. The number of Class Members is so numerous that joinder of all members thereof is impracticable.

b. There are questions of law and fact common to the Class, including the meaning and importance of the alleged misrepresentations at issue to a reasonable consumer; whether the Sights functioned as promised; and whether the Sights were defective.

c. The claims of the Court-appointed Class Representatives are similarly situated to absent Class members, and their claims are typical of the claims of the Class they represent because they have alleged that they purchased the allegedly defective Sights based upon the alleged misrepresentations at issue.

d. The Class Representatives have fairly and adequately represented the interests of the Class and have no interests in conflict with the Class.

e. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

f. A class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

g. The Class is ascertainable because the membership can be determined with reference to objective criteria, i.e., whether a Class member bought the Sights at issue.

16. The Court grants final certification for purposes of settlement to the proposed Settlement Class, defined as:

All United States residents who are the current owner of one or more Qualifying Holographic Weapon Sights that were manufactured between January 1, 2005 and November 1, 2016, and purchased for personal use on or before the Preliminary Approval Order Date or who previously returned one of these HWS models to EOTech and received a refund. Specifically excluded from the Class are Defendant and any of Defendant's subsidiaries, divisions, affiliates, officers, employees and directors, as well as any assigned judges, and members of their families within the first degree of consanguinity, all members of the Court's staff, Plaintiffs' lawyers in this lawsuit; all Governmental Entities and residents of one of the U.S. territories; and all Persons who submitted a timely and valid request to be excluded from the Settlement Class.

17.    Mr. Tim Nowell of San Antonio, Texas, has made a timely and valid request for exclusion. He is excluded from the Settlement Class and is not bound by this Order.

18.    Mr. Long V. Nguyen of Richmond, Texas, has made a timely and valid request for exclusion. He is excluded from the Settlement Class and is not bound by this Order.

19.    Mr. Rex D. Winter of Alexandria, Virginia, has made a timely and valid request for exclusion. He is excluded from the Settlement Class and is not bound by this Order.

20.    There are no other class members who made timely and valid requests for exclusion.

21.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment and the Release set forth in the Class Settlement Agreement.

22.    The Court reaffirms the appointment of Plaintiffs Andrew Tyler Foster, Jesse Rolfes, Bruce Gibson, Alan Gibbs, Jason Brooks, Chris Drummond, Kainoa Kaku, Travis Young, Richard Morgan, Rob Dunkley, Chad Mingo, Jerry Chen, Michael Ma, April Smith, Jim Richard, Timothy Braginton, and Clay Pittman as Class Representatives, and finds that they have adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

23.     The Court reaffirms the appointment of Tim Dollar and Dollar Burns & Becker, L.C. as Chair of the leadership committee; Craig Heidemann, Douglas Haun & Heidemann P.C.; Bonner Walsh, Walsh LLC; Nadeem Faruqi, Faruqi & Faruqi, LLP; Sharon S. Almonrode of The Miller Law Firm, P.C. and Adam Gonnelli of The Sultzer Law Group, P.C. as counsel for the Settlement Class ("Class Counsel").

24.     The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel, and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

**Attorneys' Fees**

25.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.

26.     The Court notes that the Settlement Agreement and the notice to the Class provides that counsel may seek up an amount not to exceed $10,000,000.00 as attorneys' fees, costs and service awards to the Plaintiffs, and that this amount was negotiated with Defendants only after the Parties reached agreement on the other substantive terms of the settlement.

27.     Class Counsel moved for an award of $10,000,000.00 of fees, costs, and service awards on May 19, 2017.

28.     After carefully considering Class Counsel's application, the Court awards Class Counsel the full amount of $10,000,000.00 as requested.

29.     Factors supporting the grant of fees include:

      a.     The time and labor expended by Class Counsel on behalf of the Class;

      b.     The complexity and risks of the litigation;

7

      c.      The results achieved in this settlement including both monetary and injunctive relief;

      d.      The quality of the representation;

      e.      The contingent nature of the fee;

      f.      The reasonableness of the request fee under both the percentage method and the lodestar cross check; and

      g.      The value of the litigation to the public.

30.      The Court has reviewed and considered each firm's declaration in support of the Motion for fees and finds:

      a.      The amount of hours expended by Class Counsel was reasonable in light of the litigation.

      b.      The hourly rate requested for each counsel was reasonable and the Court approves these rates.

31.      Defendants shall pay the awards to Class Counsel in accordance with and at the times prescribed by the Settlement Agreement.

### Expenses

32.      Plaintiff's counsel stated that Class Counsel expended $86,605.43 during the pendency of this litigation. The Court finds the expenses incurred by Class Counsel were advanced with no guarantee of recovery and were reasonably required to prosecute the case.

33.      The Court grants Class Counsel's request for reimbursement of expenses. This reimbursement is included in the fee award.

### Service Awards

34.      The Court finds the Plaintiffs served as adequate Class representatives and

performed work on behalf of the absent Class members.

35.     The Court grants Plaintiffs' request for service awards in the amount of $2,000.00 for each plaintiff.  This amount shall also be paid from the total fee award finally approved by the Court.

**Final Judgment**

36.     Finding that no reason exists for delay in ordering final judgment the clerk is hereby directed to enter this Final Judgment forthwith.

37.     This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion are deemed to have completely released and forever discharged the Released Persons, and each of them, from and for any and all liabilities, claims, cross-claims causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including and known or unknown claims, which they have or may claim now or in the future to have based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action.  The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

38.     The Settlement Class Members shall be enjoined from prosecuting any claim they

9

have released in the Settlement Agreement and as set forth in the preceding paragraphs in any proceeding against any of the Released Persons or based on any actions taken by any of the Released Persons that are authorized or required by the Settlement Agreement or by the Final Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to the releases set forth in the Settlement Agreement and this Final Judgment.

39.     This Final Judgment shall not be: (1) construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Settlement Class as to any lack of merit of the claims or the Action.

40.     The Settlement Agreement shall not constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

41.     Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims

in any other proceeding, or as otherwise required by law.

42.     At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Defendants' Counsel and Class Counsel in their discretion without giving any additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

43.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

44.     This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

45.     The Court expressly retains continuing and exclusive jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Order and Final Judgment, as well as all other matters relating to the administration and consummation of the Settlement and to interpret, implement, administer and enforce the Settlement Agreement, in accordance with its terms, and to implement and complete the claims administration process, in accordance with the Settlement Agreement, for the benefit of the Settlement Class.  The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

**SO ORDERED**

Date: July 7th, 2017

JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT